No. 13802

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

WILLIAM LEISTIKO,

Defendant and Respondent.

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Allen B. Chronister, Assistant Attorney General,
 argued, Helena, Montana
Ronald W. Smith, County Attorney, argued, Havre,
 Montana

For Respondent:

Morrison, Ettien and Barron, Havre, Montana
Robert Morrison argued, Havre, Montana

Submitted: March 10, 1978

Decided: MAY - 1 1978

Filed: MAY - 1 1978

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

The State of Montana brings this appeal pursuant to section 95-2403, R.C.M. 1947, from the order of the District Court, Hill County, granting defendant's motion to suppress evidence seized in the search of his home under a search warrant.

On August 27, 1976, Paula Kirchgasler (informant) went to the Havre police department to file a complaint concerning an assault against her that occurred the previous night. The alleged assailant was a third party, not the present defendant. During the course of questioning concerning the assault the informant revealed information concerning drug use and possession by certain Havre residents. This questioning was undertaken by Officer Stremcha of the Havre police department. As a result of this discussion and the information revealed by the informant, an application for a search warrant was prepared seeking authorization to search a residence occupied by defendant.

Officer Stremcha and the informant went before Justice of Peace Stallcop. At this time Justice of Peace Stallcop requested certain additions be made to the application for the search warrant pertaining to the alleged offense. He placed the informant and Officer Stremcha under oath and asked them if the statements included in the application were true and conducted no further examination into the statements allegedly made by the informant and made no inquiry as to her identity or the basis for her claim. The search warrant was issued and the search was conducted by Havre police. Drugs were recovered and defendant was arrested. An Information was filed on August 30, 1976, charging defendant with criminal possession of dangerous drugs with intent to sell in violation of section 54-133.1, R.C.M. 1947.

On January 24, 1977, a motion to suppress evidence was filed on behalf of defendant and hearing was held before Hon. B. W. Thomas on February 16, 1977. On April 5, 1977, the court granted the motion to suppress. There was no showing that any examination was made of the informant before the issuing justice of peace on matters which would relate to her reliability or credibility.

The single issue on appeal is whether the District Court properly granted defendant's motion to suppress.

The instant case involves the two pronged test as set out in Aguilar v. Texas, (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L ed 2d 723 and Spinelli v. United States, (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L ed 2d 637. In his memorandum to the order suppressing the evidence, Judge Thomas held that the application met the first test of Aguilar and Spinelli in that the affidavit contained "some of the underlying circumstances from which the informant concluded that the narcotics were where [s]he claimed they were." However, the affidavit did not meet the second test in that it did not contain sufficient facts from which a judge could "assess the credibility of the informant or the reliability of her information."

Although the informant appeared personally before Justice of Peace Stallcop, no information was contributed toward the determination of probable cause, other than that contained in the affidavit of Officer Stremcha. The record clearly establishes that the only information before the justice of peace was that contained in the statement of facts given by Officer Stremcha in his affidavit in support of the search warrant. Our inquiry must therefore be limited to the four corners of the affidavit. Petition of Gray, (1970), 155 Mont. 510, 473 P.2d 532; State v. Bently, (1970), 156 Mont. 129, 477 P.2d 345.

It cannot be disputed that hearsay information may be considered to establish probable cause. State v. Paulson, (1975), 167 Mont. 310, 538 P.2d 339; Draper v. United States, (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L ed 2d 327. But when hearsay information forms the justification for a finding of probable cause and the issuance of a search warrant, the two pronged test set out in Aguilar must be applied and satisfied:

> "* * * the magistrate must be informed of [first] some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and [second] some of the under-lying circumstances from/the officer concluded that the informant * * * was 'credible' or his information 'reliable'." 378 U.S. 114.

In the instant case the first part of the test is not at issue; however, the second part is at issue. The second part of the Aguilar-Spinelli test mandates that the existence of probable cause be established only through a credible informant with reliable information. The magistrate must be informed of some underlying circumstances which demonstrate that credibility or reliability. The affidavit must set forth the underlying circumstances necessary to enable the magistrate independently to judge the validity of the informant's conclusion and the affiant must support his claim that the informant was credible or his information reliable. Aguilar v. Texas, supra; Spinelli v. United States, supra; United States v. Goldstein, (9th Cir. 1976), 532 F.2d 1305.

The affidavit of Officer Stremcha, who was not present on August 23, 1976, when the informant allegedly entered defendant's residence and saw the contraband drugs, was based on information supplied by informant. In the instant case affiant states that he believes the informant is reliable based on the candor of her statements and the detailed knowledge of defendant and defendant's

residence, which her statements contained. There were no facts stated to show informant was known to the officer, or that the officer had had any past or sufficient dealings with informant upon which to base a belief that the information was reliable or truthful. Nor does this Court have any statement of corroborative facts known or discovered. Here, no facts whatever are given, only affiant's ultimate conclusions that he believes informant was reliable. The second part of the Aguila-Spinelli test cannot be satisfied with statements which are at best conclusory. State ex rel. Townsend v. District Court, (1975), 168 Mont. 357, 361, 543 P.2d 193.

The State attempted to bolster the application for search warrant by a personal appearance of the informant before the justice of peace. In State v. Thomson, (1976), 169 Mont. 158, 162, 545 P.2d 1070, this Court held that oral testimony from an informant could be used to test his reliability where the affidavit was otherwise sufficient to establish probable cause. In this case, no test for reliability was made. No effort was made by the justice of peace to inquire into facts beyond the statements appearing in the application. The following testimony during the hearing on the motion to suppress evidence reveals Justice of Peace Stallcop's statements:

> "A. [I] asked them, [Stremcha and informant], questions concerning the statements that were made in the application for the search warrant to determine whether or not they knew what was in the application and that they were willing to swear that the statements in the application were the truth.
>
> "* * *
>
> "Q. In questioning the informant and Mr. Stremcha, did you seek any information outside of the face of the document to find probable cause? A. No. I merely inquired to the matters set forth in the application.

" * * *

"Q. Do you recall any specific questions that you asked her relative to the substance of the application and the facts that were set forth? A. No. I don't recall specific questions."

Neither the application nor the questions asked by Justice of Peace Stallcop satisfy the requirements for establishing justifiable reliance on the statements of informant. No evidence was offered that in the past she had given accurate information of criminal activity. No evidence was presented by the police which would indicate that the information supplied was accurate. No attempt was made to establish the informant as an upstanding or believable citizen. In this case, we are dealing with the rules pertaining to a mere "informant", not a "citizen-informant". This distinction is clearly set forth by the California court in People v. Smith, (1976), 132 Cal.Rptr. 397, 553 P.2d 557, 560:

"'A "citizen-informant" is a citizen who purports to be the victim of or to have been the witness of a crime who is motivated by good citizenship and acts openly in aid of law enforcement. * * * It is reasonable for police officers to act upon the reports of such an observer of criminal activity. * * * A "citizen-informant" is distinguished from a mere informer who gives a tip to law enforcement officers that a person is engaged in the course of criminal conduct. * * * Thus, experienced stool pigeons or persons criminally involved or disposed are not regarded as "citizen-informants" because they are generally motivated by something other than good citizenship. * * *' * * * The designation 'citizen-informant' is just as conclusionary as the designation 'reliable-informant.' In either case the conclusion must be supported by facts stated in the affidavit." 553 P.2d 560.

See Aguilar v. Texas supra.

The record here reveals the informant clearly did not qualify as a "citizen-informant". First, the affiant police officer had had prior contact with informant, but did not advise Justice of Peace Stallcop of this fact. Second, the informant had contact with the Havre police department and the county attorney's office

- 6 -

on more than ten occasions prior to August 27, 1976. Third, informant was a convicted felon at the time the application was made and believed the police were aware of that fact. Fourth, three felony charges had been made against informant prior to August 27, 1976.

The record before Justice of Peace Stallcop contained nothing by which he could independently judge the reliability of the information. The District Court held the essential facts were not present before Justice of Peace Stallcop and the application was therefore insufficient to justify the issuance of a search warrant. We agree.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Alfred B. Coate, District
Judge, sitting with the Court.