No. 13886

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

KENNETH JAY FLYNN & SCOTT R. COVINGTON,

Defendants and Respondents.

Appeal from: District Court of the Twelfth Judicial District,
Hon. B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Allen B. Chronister, Assistant Attorney General,
argued, Helena, Montana
Ronald Smith, County Attorney, argued, Havre, Montana

For Respondents:

Spangelo, Hauge, Ober & Goldstein, Havre, Montana
Morton B. Goldstein argued, Havre, Montana

Submitted: March 10, 1978

Decided: MAY - 1 1978

Filed: MAY - 1 1978

Thomas J. Kearney
Clerk

Mr. Justice Danial J. Shea delivered the Opinion of the Court:

The State of Montana brings this appeal from the order of the District Court, Hill County, granting defendants' motion to suppress evidence seized during a search of defendant Flynn's apartment and automobile.

This case arose under the exact circumstances as State v. Leistiko, _____Mont._____, _____P.2d_____, 35 St.Rep._____ (Cause No. 13802, decided_____). The informant, Paula Kirchgaslar, gave information concerning drug use and possession by defendants Flynn and Covington, and defendant Leistiko. From the informant's information Officer Stremcha of the Havre police department made applications for search warrants in the Flynn and Covington case, warrant #2406, and in the Leistiko case, warrant #2405.

The information contained in the two search warrant applications differs only as to the different individuals involved. The defects in the procedure used to obtain the warrants are the same. For this reason the cases were argued jointly before this Court.

The issue raised and argument advanced on appeal by Flynn and Covington are identical to those considered in the companion case Leistiko. Reference is made thereto. We find no need to repeat our prior holdings and discussion of the relevant procedures and legal principles found in Leistiko.

We note from the testimony of Justice of Peace Stallcop that whatever questioning he did, it was not for the purpose of determining the informant's credibility. He was asked this question:

> "Q. Judge, was there any other question directed to Officer Stremcha or Paula Kirchgaslar specifically for the purpose of indicating her credibility or veracity or propensity for telling the truth? A. No, I didn't inquire into that."

From a reading of the transcript it is obvious that there was no interrogation of the informant for the purpose of testing her credibility or the reliability of her information. From the application there is nothing to show the informant's credibility had been tested by previous experience with her as an informer, or that the reliability of her information had been corroborated in some way, or that she had made admissions against her interest. The application does not contain facts or circumstances showing the informant to be a disinterested eyewitness, motivated by good citizenship, aiding openly in the aid of law enforcement as a "citizen informant".

The judgment of the District Court is affirmed in this case for the same reasons it was affirmed in Leistiko.

_____
Justice.

We Concur:

_____
Chief Justice

_____
Justices.

_____
Hon. Alfred B. Coate, District
Judge, sitting with the Court.

- 3 -