No. 14306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

Respondent and Plaintiff,

-vs-

JANE A. OLSON and KEVIN R. RAY,

Appellants and Defendants.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Goetz and Madden, Bozeman, Montana
James H. Goetz argued, Bozeman, Montana

For Amicus Curiae:

Hon. Mike Greely, Attorney General, Helena, Montana
Denny Moreen argued, Assistant Attorney General, Helena, Montana

For Respondent:

Jack Yardley, County Attorney, Livingston, Montana

---

Submitted: October 24, 1978

Decided: JAN 19 1979

Filed: JAN 19 1979

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants, Jane A. Olson and Kevin R. Ray, appeal from their conviction under section 54-133, R.C.M. 1947, possession of less than sixty grams of dangerous drugs, by the Park County District Court.

While answering a routine call, Officer Bryce of the Livingston, Montana Police Department passed along an alleyway by defendants' residence and thought he smelled burning marijuana coming from the home. He walked to the front door, knocked and was greeted by defendant Jane Olson. As later stated in his application for a search warrant, the officer again detected the "identifiable odor of marijuana" emanating from the open door and on the clothing of defendant Olson. After obtaining a search warrant, the officer returned to search defendants' residence and discovered a small quantity of marijuana, some marijuana seeds, plants and related paraphernalia. Defendants, who both acknowledged living there, were charged with misdemeanor possession of dangerous drugs. They pleaded not guilty.

At pretrial hearing, defendants moved to dismiss the charges alleging violation of their constitutional right to privacy under the Montana and United States Constitutions. Defendants also moved to suppress the evidence seized, on the ground the officer's purported smell of marijuana was insufficient probable cause for issuance of a search warrant. The District Court denied both motions.

Trial by the court sitting without a jury found the defendants guilty and fined $500.00 each, payable within sixty days of judgment. A stay of execution was granted pending the outcome of this appeal.

Defendants raise two issues for our review:

1. Whether smelling marijuana smoke is sufficient, in and of itself, to establish probable cause for the issuance of a search warrant?

2. Whether the privacy provisions of the Montana and United States Constitutions preclude intrusion into the home of defendants to seize a small quantity of marijuana?

We address only defendants' first issue since it is determinative of the case before this Court.

The statutory provisions on search and seizure provide in part:

".  .  . A search of a person, object or place may be made and instruments, articles or things may be seized in accordance with the provisions of this chapter when the search is made:

".  .  .

"(c)  By the authority of a valid search warrant."  Section 95-701, R.C.M. 1947.

and:

"Grounds for search warrant.  Any judge may issue a search warrant upon the written application of any person, made under oath or affirmation before the judge, which:

"(1)  states that an offense has been committed;

"(2)  states facts sufficient to show probable cause for issuance of the warrant;

"(3)  particularly describes the place or things to be search; and

"(4)  particularly describes the things to be seized."  Section 95-704, R.C.M. 1947.

The validity of Officer Bryce's search in this case rests squarely upon whether his affidavit "states facts sufficient to show probable cause for issuance of the warrant." Only the officer's sworn application was before the magistrate; therefore, our inquiry must be confined to the facts stated in the application.  State v. Leistiko (1978), _____ Mont. _____, 578 P.2d 1161, 1163, 35 St.Rep. 590, 592; Petition of Gray (1970), 155 Mont. 510, 519, 473 P.2d 532, 537.

The State maintains that due to the "presumed impartiality" of the magistrate's decision on application for a search warrant and the additional protection thereby afforded the rights of citizens, the circumstances under which a

-3-

judge may issue a search warrant are necessarily different from those which justify a warrantless search by a police officer embroiled in an allegedly criminal situation. This Court has, of course, recognized the distinction:

> ". . . when a search is based upon a magistrate's rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant,' . . . and will sustain the judicial determination so long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present . . .'" State ex rel. Glanz v. Dist. Court (1969), 154 Mont. 132, 136, 461 P.2d 193, 196. (Quoting Aguilar v. Texas (1964), 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723, 726.)

We note, however, that although "less 'judicially competent or persuasive'" evidence is required, the magistrate must base his finding upon competent evidence sufficient to enable the magistrate to form his own independent conclusion. In State ex rel. Townsend v. Dist. Court (1975), 168 Mont. 357, 360, 543 P.2d 193, 195, we stated:

> "The requirement that the magistrate decide the existence of probable cause on the basis of facts sufficient to allow an independent determination, is imposed by Montana law to ensure that some neutral and detached evaluation is interposed between those who investigate crime and the ordinary citizen. This principle was discussed in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, 440:
>
> "'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.'"

Under the facts here, the officer's delay in obtaining a search warrant rather than arresting and searching on the spot, adds nothing to the evidentiary basis necessary

-4-

to establish probable cause. The requirement of competent evidence must be satisfied. We hold that it was not.

The magistrate was presented with a search warrant application based exclusively on Officer Bryce's purported smell of marijuana smoke. His affidavit only stated that he was, from experience, familiar with the fragrance of marijuana and that he detected the aroma on the clothing of defendant Olson and also emanating from the defendants' residence. The smell of marijuana is however, insufficient probable cause to justify a warrantless search of an automobile. In State v. Schoendaller (1978), _____ Mont. _____, 578 P.2d 730, 35 St.Rep. 597, this Court stated:

> "The police conducted their warrantless search on the basis of '. . . a strong odor of marijuana in the car along with that of some incense or something . . .' and lacking any exigent circumstances, such perception falls closer to the realm of bare suspicion than probable cause. We do not deny police officers the right to rely on their sense of smell to confirm their observations. However, to hold that an odor alone, absent evidence of visible contents, is deemed equivalent to plain view might very easily mislead officers into fruitless invasions of privacy where there is no contraband." 578 P.2d at 734, 35 St.Rep. at 602.

There are even more compelling reasons for concluding that smell alone is not sufficient to justify the invasion of the privacy of one's home. While we do not intend to discourage aggressive and lawful investigation by the police, we conclude that the information thus obtained, the odor of burning marijuana, does not by itself establish probable cause to issue a search warrant. The evidence seized must, accordingly, be suppressed.

Based on our holding, it is not necessary to discuss another aspect of the requirement of probable cause--

-5-

whether the magistrate was provided with sufficient facts to believe the officer's smell of marijuana was reliable. Nor do we reach the defendants' contention that the privacy provisions of the Montana and United States Constitutions preclude intrusion into the home of defendants to seize a small quantity of marijuana.

The judgment of the District Court is reversed, and the cause ordered dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices