DA 07-0621

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 321

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROBERT JONATHAN SHELTON, JR.,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Prairie, Cause No. DC 05-01
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt, Assistant
Appellate Defender; Helena, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

        Erin Inman, Prairie County Attorney; Terry, Montana

Submitted on Briefs:  July 2, 2008

Decided:  September 16, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Robert Jonathan Shelton, Jr. appeals his conviction in the Seventh Judicial District Court, Prairie County, of criminal possession of dangerous drugs with intent to distribute, a felony. We affirm.

¶2 We restate the issues as follows:

¶3 1. Did the District Court err by concluding that Shelton failed to prove, by a preponderance of the evidence, that the search warrant contained false information?

¶4 2. Did the District Court err by considering information not contained in the search warrant application when deciding Shelton's motion to suppress?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 The facts of this case were discussed in an opinion we recently issued in another appeal, from Custer County, Montana, in which Shelton was found guilty of operating a clandestine drug laboratory. *State v. Shelton*, 2008 MT 282, ¶¶ 5-7, 345 Mont. 330, ¶¶ 5-7, __ P.3d __, ¶¶ 5-7 (*Shelton I*). Briefly, Agent Faycosh, of the Eastern Montana Drug Task Force, discovered a clandestine methamphetamine laboratory at an old rendering plant in Miles City. Based on tips from two informants, Faycosh suspected that Shelton produced meth at this clandestine lab. Faycosh went to Terry to interview Shelton and learned that Shelton had spent the evening of April 11, 2005, at the apartment of his friend, David Johnson. Faycosh visited Johnson's apartment, and was greeted by Tiny Mae Wood. Wood, seventeen years old, lived in the apartment with Johnson. *Shelton I*, ¶ 5.

2

¶6    Faycosh requested permission to search the apartment. Wood hesitated, and then confessed that she had cigarettes in her apartment, even though she was under eighteen. Faycosh assured her that he was not concerned with the cigarettes, but asked her if there were any illegal drugs in the apartment. Wood said, "No, go ahead and search." Faycosh searched the apartment, and found several items bearing Shelton's name in the garbage can. Faycosh asked Wood if the garbage belonged to Shelton, and she stated that it did. Faycosh asked if it came from Shelton's car, and Wood replied that she thought so. Wood granted Faycosh permission to remove the bag of garbage from the apartment. *Shelton I*, ¶ 6.

¶7    A subsequent search of Shelton's garbage revealed a small plastic baggie that contained marijuana residue and a marijuana seed. Based in part on this evidence, Agent Stratton applied for and received a search warrant to look for evidence in Shelton's car which might connect him to the clandestine meth lab. The search of Shelton's car yielded multiple bags of meth, a digital scale, and a recipe for manufacturing meth. *Shelton I*, ¶ 7.

¶8    In *Shelton I*, Shelton was charged in Custer County with operating a clandestine laboratory. In the present case, Shelton was charged in Prairie County with criminal possession of dangerous drugs with intent to distribute, a felony, and criminal possession of drug paraphernalia, a misdemeanor. Shelton moved to suppress the evidence gathered from his car and Wood's apartment, arguing that the warrant application contained false information because it allegedly misrepresented the certainty with which Wood had

3

identified the trash as belonging to him. The District Court held a suppression hearing on January 23, 2007, after which it denied Shelton's motion to suppress.

¶9 Pursuant to a plea agreement, Shelton pled guilty to criminal possession of dangerous drugs with intent to distribute and reserved his right to appeal the District Court's denial of his motion to suppress. The District Court sentenced Shelton to the Department of Corrections for five years. Shelton appeals the District Court's denial of his motion to suppress.

## STANDARD OF REVIEW

¶10 We review a District Court's denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether the court applied the law correctly. *State v. Morse*, 2006 MT 54, ¶ 12, 331 Mont. 300, ¶ 12, 132 P.3d 528, ¶ 12.

## DISCUSSION

¶11 **Did the District Court err by concluding that Shelton failed to prove, by a preponderance of the evidence, that the search warrant contained false information?**

¶12 Shelton argues that the warrant application contained false information because it mischaracterized Wood's response to one of Faycosh's questions. Whereas the search warrant application stated that "Wood . . . identified the trash as being from Shelton's vehicle," the report authored by Faycosh stated that "Wood said she *thought so*." (Emphasis added.) According to Shelton, if that "false information" was excised from the application, it would not have contained probable cause to search Shelton's vehicle. In his prior appeal, Shelton also argued that the warrant application contained false

4

information by mischaracterizing Wood's response to Agent Faycosh's question about the origin of the trash. *Shelton I*, ¶ 20.

¶13  "Generally, res judicata dictates that an appellant may not raise issues that we have decided in a prior appeal." *State v. Southwick*, 2007 MT 257, ¶ 15, 339 Mont. 281, ¶ 15, 169 P.3d 698, ¶ 15 (citations omitted); *State v. Ditton*, 2006 MT 235, ¶ 38, 333 Mont. 483, ¶ 38, 144 P.3d 783, ¶ 38. "The policy rationales underlying res judicata are judicial economy and the need for finality of judgments." *Southwick*, ¶ 15 (citation omitted). We will only review a previously decided issue in limited circumstances, and only to correct a "manifest error." *Southwick*, ¶ 16.

¶14  The doctrine of res judicata directs us to decline review of Shelton's argument that the application contained false information. Shelton made the same argument here that he made in his prior appeal. Under the doctrine of res judicata, our holding from *Shelton I* applies, and we must simply reiterate that Shelton "failed to prove by a preponderance of the evidence that the application for the search warrant contained false information." *Shelton I*, ¶ 23.

¶15  **Did the District Court err by considering information not contained in the search warrant application when deciding Shelton's motion to suppress?**

¶16  Shelton also argues that the District Court improperly considered testimony presented at Shelton's suppression hearing that the trash Agent Faycosh found in Wood's apartment looked like the type of trash that would have come from the inside of a vehicle. According to Shelton, that assertion was not made in the warrant application, and without

5

it, nothing in the application tied Shelton's vehicle to Faycosh's investigation of a clandestine lab and drug possession.

¶17     In concluding that Faycosh's statement regarding Wood's identification of the trash was not false, the District Court briefly observed that "Faycosh also testified that the nature of the trash was what one would expect to find as coming from a vehicle." However, this statement simply buttressed the court's observation that, whether the warrant application said Wood "thought" the trash was from Shelton's vehicle or conclusively stated that it was, the application would have still contained probable cause to issue a search warrant for Shelton's vehicle. In view of this conclusion, the reference to Faycosh's testimony was not improper. Further, the District Court explicitly stated it was not considering information not contained in the warrant application, and there is no other indication that it did so.

¶18     We affirm the District Court's order denying Shelton's motion to suppress.


                                                          /S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS