FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0079

DA 16-0079

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 297N

IN RE THE MARRIAGE OF:

HERBERT CHRISTIAN PASCHEN,

        Petitioner, Appellee and Cross-Appellant,

   And

ANNE KEMSLEY PASCHEN,

        Respondent, Appellant and Cross-Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DR 12-825A
                      Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

        For Appellant and Cross-Appellee:

        Brian Muldoon, Law Office of Brian Muldoon, P.C., Whitefish, Montana

        For Appellee and Cross-Appellant:

        Matthew D. Neill, Johnson-Gilchrist Law Firm, Whitefish, Montana

Submitted on Briefs:  October 5, 2016

Decided:  November 15, 2016

Filed:

                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Anne Kemsley Paschen (Anne) appeals, and Herbert Christian Paschen (Herb) cross-appeals, the amended findings of fact, conclusions of law, and order of the Eleventh Judicial District Court, Flathead County, dissolving the parties' marriage and awarding spousal maintenance and child support to Anne. We address whether the District Court abused its discretion in calculating maintenance and child support and ordering the corresponding payments to commence on April 1, 2015. We affirm the District Court's order in part, reverse in part, and remand for further proceedings consistent with this Opinion.

¶3 Anne and Herb were married for eighteen years and have three children. On March 31, 2015, the District Court issued its findings of fact, conclusions of law, and order dissolving their marriage (2015 Order). Herb appealed the 2015 Order. In *Paschen v. Paschen*, 2015 MT 350, 382 Mont. 34, 363 P.3d 444 (*Paschen I*), we addressed whether the District Court erred in the amount of income it imputed to Herb for the purpose of setting monthly child support and spousal maintenance payments and in apportioning the marital estate. We "affirm[ed] the District Court's imputation of Herb's earning capacity at $100,000 but reverse[d] and remand[ed] the court's inclusion of

2

[Herb's mother] Bunny's monetary gifts into his annual resources for purposes of child support and spousal maintenance." *Paschen I*, ¶ 43. On January 6, 2016, the District Court issued its amended findings of fact, conclusions of law, and order (2016 Order). Anne and Herb each appeal parts of the 2016 Order.

¶4 We review a district court's division of marital property to determine "whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *In re Marriage of Richards*, 2014 MT 213, ¶ 13, 376 Mont. 188, 330 P.3d 1193. "A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake." *Patton v. Patton*, 2015 MT 7, ¶ 18, 378 Mont. 22, 340 P.3d 1242. If there are no clearly erroneous findings or incorrect conclusions of law, we determine whether the district court abused its discretion. *Patton*, ¶ 19. A district court abuses its discretion if it acts arbitrarily without employing conscientious judgment or exceeds the bounds of reason resulting in a substantial injustice. *Patton*, ¶ 19.

¶5 Anne contends that the District Court abused its discretion by failing to consider Herb's financial resources of $431,000 a year in calculating child support and maintenance. In *Paschen I*, we affirmed "the District Court's imputation of $100,000 annual income to Herb" for the purpose of setting child support and maintenance payments. *Paschen I*, ¶ 26. We noted then that Anne "urged the District Court to impute to Herb an income of $410,000/annually," but "[t]he District Court was presented with concrete evidence of Herb's ability to earn approximately $100,000 annually."

3

*Paschen I*, ¶¶ 24-25.  The issue of whether the District Court abused its discretion in calculating Herb's income for the purposes of child support was decided in *Paschen I.* We will not revisit that decision.  *See State v. Shelton*, 2008 MT 321, ¶ 13, 346 Mont. 114, 193 P.3d 943 ("Generally, res judicata dictates that an appellant may not raise issues that we have decided in a prior appeal.") (citations omitted).

¶6      Similarly, we reject Herb's argument that the District Court erred or abused its discretion in apportioning the marital estate.  Herb does not contest the District Court's allocation of the vast majority of marital debt to him, but contends that the District Court abused its discretion by also requiring him to pay spousal maintenance.  He argues that the District Court unfairly ignored the "real-life repercussions" of the debt he faces, but cites no facts to support his speculation that potential bankruptcy would affect his future earning capacity and ability to pay child support and maintenance.  Again, we addressed Herb's income in *Paschen I* and held: "The District Court was presented with concrete evidence of Herb's ability to earn approximately $100,000 annually."  *Paschen I*, ¶ 25. Herb's attempt to relitigate his earning potential is barred by res judicata.  *See Shelton*, ¶ 13.

¶7      Herb next contends that the District Court erred in calculating spousal maintenance in its 2016 Order because, regarding Herb's monthly expenses, the Court found: "The only evidence before the Court at trial was Herb's $400 a month rent; that is only $4,800 annually."  Herb contends that his "Exhibit 11," admitted at trial, "reveal[s]

4

monthly expenses of $1,860/month."[1]  He also points to his testimony at trial that his expenses are "approximately $2,000 a month."  Anne does not contest that Exhibit 11 was admitted at trial or that Herb testified that his expenses were greater than $400. Regardless of whether the District Court ultimately finds this evidence persuasive in calculating spousal support on remand, the Court's finding that the "*only* evidence before the Court at trial was Herb's $400 a month rent," (emphasis added) is clearly erroneous.

¶8    Herb also contends—and Anne concedes—that the District Court erroneously applied the Child Support Guidelines, Admin. R. M. 37.62.110(1)(a) (2012), by failing to account for Herb's spousal maintenance obligation in calculating child support.  Pursuant to § 40-4-204(3)(a), MCA, district courts must "determine the child support obligation by applying . . . the uniform child support guidelines adopted by the department of public health and human services."  Admin. R. M. 37.62.110(1)(a) provides that "allowable deductions" from a parent's income for calculating child support include "the amount of alimony or spousal maintenance which a parent is required to pay under a court or administrative order."  The District Court erred by failing to address this rule.

¶9    Finally, Anne contends—and Herb agrees—that the District Court abused its discretion in its 2016 Order by ordering Herb's child support and maintenance obligations to commence on April 1, 2015.  Herb contends that his obligations should be retroactive to August 2014, citing the 2015 Order's "Decree and Order," which provides: "Petitioner is responsible for monthly child support . . . effective August, 2014"; and

---

[1] Although the transcript from the bench trial held on October 15 and 16, 2013, indicates that Exhibit 11 was admitted without objection, the exhibit is not part of the record on appeal.  On remand, the District Court must consider all of the record evidence in making its findings.

"Petitioner is responsible for maintenance . . . effective August, 2014." Herb contends that August 2014 is the correct start date under the law of the case doctrine because neither party appealed that date in *Paschen I*.

> Under the doctrine of law of the case, a legal decision made at one stage of litigation which is not appealed when the opportunity to do so exists, becomes the law of the case for the future course of that litigation and the party that does not appeal is deemed to have waived the right to attack that decision at future points in the same litigation.

*McCormick v. Brevig*, 2007 MT 195, ¶ 38, 338 Mont. 370, 169 P.3d 352. Anne cites the 2015 Order's finding of fact that "Herb should pay Anne maintenance . . . effective October, 2013." Although this finding is clearly inconsistent with the Court's order that maintenance should commence "effective August, 2014," Anne did not argue in *Paschen I* that the District Court's findings were inconsistent with its order or that Herb's obligations should be retroactive to October 2013. The District Court's 2016 Order's start date of April 2015 is inconsistent with its 2015 Order's start date of August 2014, which was not appealed. Herb's maintenance and child support obligations are retroactive to August 2014.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court erred by finding that the only evidence before it regarding Herb's expenses was $400 a month in rent and failing to address the evidence of Herb's other expenses presented at trial. The District Court erred when it did not deduct Herb's spousal maintenance obligation from his income in

6

its calculation of child support and ordered Herb's child support and spousal maintenance obligations to commence on April 1, 2015. The District Court did not err in apportioning the marital estate or imputing Herb's income. We remand for the District Court to consider all of the evidence of Herb's expenses, deduct Herb's spousal maintenance obligation from his income in its calculation of child support, calculate his obligations accordingly, and order Herb's child support and maintenance obligations to commence on August 1, 2014.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT