No. 05-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 58

_____

CHARLES M. DeSHIELDS,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No DV 2006-261 (DC-95-57)
The Honorable Holly Brown, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Charles M. DeShields (pro se), Bozeman, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

          Marty Lambert, County Attorney; Bozeman, Montana

_____

Submitted on Briefs:  February 8, 2006

Decided:  March 14, 2006

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Charles DeShields (DeShields) appeals from the denial of his petition for postconviction relief in the Eighteenth Judicial District, Gallatin County.  We affirm.

¶2     We review whether the District Court properly revoked DeShields's deferred sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     DeShields entered a guilty plea to felony sexual assault on July 15, 1995.  The District Court deferred imposition of his sentence for a period of four years subject to certain terms and conditions.  The State filed a petition to revoke the deferred sentence two years later on October 2, 1997, alleging that DeShields had failed to participate in sex offender treatment.  The District Court did not act on the petition, however, because DeShields had left Montana.  When DeShields returned to Montana in 2001, the District Court deferred his sentence for another four years.

¶4     The State filed a second petition to revoke on October 22, 2003.  The petition to revoke alleged that DeShields again had violated the terms of his deferred sentence.  The District Court again revoked his deferred sentence and ordered DeShields to serve four years at the Montana State Prison.  DeShields did not file an appeal.

¶5     DeShields filed a petition for postconviction relief on May 5, 2004, challenging the factual basis for the revocation of his deferred sentence in 2003.  DeShields alleged that the District Court improperly revoked his sentence based on criminal charges of which he was ultimately acquitted and that the District Court failed to require a presentence investigation.  The District Court ruled that § 46-21-105(2), MCA, prevented DeShields from raising a factual challenge to his revocation proceeding that reasonably

2

could have been raised on direct appeal and denied DeShields's petition for postconviction relief. This appeal followed.

## DISCUSSION

¶6 DeShields raises two additional issues for the first time on appeal. He contends that the District Court violated his due process rights by failing to consider alternatives to imprisonment when it revoked his deferred sentence. DeShields also maintains that the District Court lacked jurisdiction to impose a four-year deferred sentence because § 46-18-201(1)(a), MCA (1995), only permits a sentence to be deferred for three years. We will not consider his due process argument as it is a well-established rule that this Court will not address an issue raised for the first time on appeal. *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13. We will consider his challenge of the District Court's jurisdiction, however, because a party may challenge the sentencing court's subject matter jurisdiction at any time. *See Pena v. State*, 2004 MT 293, ¶ 17, 323 Mont. 347, ¶ 17, 100 P.3d 154, ¶ 17.

### Deferred Sentence

¶7 We review criminal sentences for legality only to determine whether the sentence falls within the parameters set by statute. *See State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. A district court's authority to impose a sentence is defined and constrained by statute, and the court cannot impose a sentence in the absence of specific statutory authority. *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24. We use the criminal statutes in effect at the time the crime was committed to evaluate the sentence. *Dexter v. Shields*, 2004 MT 159, ¶ 13, 322 Mont. 6, ¶ 13, 92 P.2d 1208, ¶ 13.

3

¶8     Section 46-18-201(1)(a), MCA (1995), states that a sentencing judge may defer the imposition of a sentence "for a period not exceeding 3 years for any felony."  The District Court imposed a four-year deferred sentence for DeShields's felony sexual assault conviction.  This four-year deferral runs afoul of the three-year limit set forth in § 46-18-201(1)(a), MCA (1995).  DeShields contends that the District Court lacked subject matter jurisdiction to impose a deferred sentence beyond the maximum time authorized by statute.  Therefore, DeShields argues, his entire sentence is void.

¶9     DeShields improperly characterizes the issue of the District Court's imposition of his sentence as jurisdictional.  He mistakenly relies on our decision in *State v. Yorek* for the proposition that "the question of whether a district court possesses the authority to impose a sentence is a jurisdictional issue."  *State v. Yorek*, 2002 MT 74, ¶ 15, 309 Mont. 238, ¶ 15, 45 P.3d 872, ¶ 15 (*citing State v. Moorman* (1996), 279 Mont. 330, 336, 928 P.2d 145, 149).  To the extent that the *Yorek* decision stands for the proposition that sentencing issues are jurisdictional, it does not represent good law.  *See Pena*, ¶ 25.

¶10    "Jurisdiction is a word of many, too many, meanings."  *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 90, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210.  We, along with other courts, sometimes have been "profligate" in our use of the term.  *Arbaugh v. Y & H Corp.* (Feb. 22, 2006), ___U.S.___, ___S.Ct.___, ___L.Ed.2d___, 2006 WL 397863 at *6.  Jurisdictional claims challenge a court's power or capacity to entertain the subject matter of the proceeding.  *Pena*, ¶ 22.  A district court possesses original jurisdiction in all felony cases.  Art. VII, Sec. 4, Mont. Const.  Whether a district court commits a statutory error in imposing a sentence must not be confused with whether the court had the power or capacity to impose a sentence.  *Pena*, ¶ 22.

4

¶11 The District Court improperly imposed a deferred sentence beyond its statutory authority. *See* Section 46-18-201(1)(a), MCA (1995). The mere fact that the District Court exceeded its statutory authority in imposing a criminal sentence, however, does not render the sentence void ab initio. A sentence in excess of one prescribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess. *Charles v. Commonwealth* (Va. 2005)*,* 270 Va. 14, 20, 613 S.E.2d 432, 435. Only the portion of the sentence beyond the district court's statutory authority is illegal.

¶12 The District Court deferred imposition of DeShields's sentence for four years. Section 46-18-201(1)(a), MCA (1995), authorizes a court to defer imposition of a sentence for a felony for three years. The court's decision to defer imposition of DeShields's sentence beyond the three-year statutory limit did not render the entire sentence void. Only the final year of DeShields's deferred sentence exceeded the statutory authority of § 46-18-201(1)(a), MCA (1995). Thus, the first three years of DeShields's deferred sentence remained valid and in full force. *See Charles v. Commonwealth*, 270 Va. at 20, 613 S.E.2d at 435.

¶13 The District Court properly revoked DeShields's deferred sentence in 2001 and 2003. The District Court first sentenced DeShields in 1995. The State initially filed a petition in 1997 to revoke DeShields's original deferred sentence within the three-year deferral period provided by § 46-18-201(1)(a), MCA (1995). Although the court did not rule on the petition until 2001, after the time authorized by statute, the court retained jurisdiction because the State filed a timely petition to revoke. *See* Section 46-18-203(2), MCA (1995).

5

¶14 Similarly, the State timely filed its second petition to revoke in 2003, two years after the court reimposed DeShields's four-year deferred sentence. DeShields was serving the second year of his deferred sentence when the State filed its second petition to revoke. Section 46-18-201(1)(a), MCA (1995), authorizes a three-year deferral and the State filed its revocation petition within that valid three-year deferral period.

### Revocation of sentence

¶15 DeShields also contends that the District Court improperly revoked his sentence in 2003, based upon a lack of sufficient evidence. DeShields reasonably could have raised this argument on direct appeal. We will not consider grounds for postconviction relief that reasonably could have been raised on direct appeal. *See* § 46-21-105(2), MCA. Criminal defendants may not substitute postconviction relief for direct appeal. *See State v. Hanson*, 1999 MT 226, ¶ 14, 296 Mont. 82, ¶ 14, 988 P.2d 299, ¶ 14. DeShields had the opportunity to file a direct appeal from the revocation of his deferred sentence and chose not to do so.

¶16 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE