No. DA 06-0177

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 288N

ALBERT ERNEST INSUA,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-05-11
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Albert E. Insua, *Pro Se*, Shelby, Montana

        For Respondent:

           Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

           George Corn, Ravalli County Attorney; T. Geoffrey Mahar,
Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  October 4, 2006

Decided:  November 8, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Albert Ernest Insua appeals from the order of the Twenty-First Judicial District Court, Ravalli County, denying his petition for postconviction relief. The District Court observed Insua had appealed from the judgment on his convictions and this Court affirmed in *State v. Insua*, 2004 MT 14, 319 Mont. 254, 84 P.3d 11. The District Court reasoned that most of Insua's postconviction relief claims were barred under § 46-21-105(2), MCA, and the doctrine of *res judicata* because they had been, or could have been, raised on direct appeal. The court also determined, with respect to Insua's claim that standby trial counsel was ineffective in failing to adequately advise him of the ramifications of self-representation, that the obligation rests with the trial court—not counsel—to determine whether a defendant who wishes to proceed *pro se* understands his or her decision and is proceeding voluntarily. Finally, while concluding Insua's claims that the prosecution failed to subpoena a doctor or provide expert testimony and a written report were barred because they could have been raised on direct appeal, the District Court stated Insua failed to establish any elements of a *Brady* violation—as set forth in *State v. DuBray*, 2003 MT 255, ¶ 83, 317 Mont. 377, ¶ 83, 77 P.3d 247, ¶ 83—and failed to rebut the State's assertion that it provided the information to

2

the defense before trial.

¶3 On appeal, Insua addresses certain matters, including some ineffective assistance claims regarding both standby trial and appellate counsel, which we decline to address because they are raised for the first time on appeal. *See DeShields v. State*, 2006 MT 58, ¶ 6, 331 Mont. 329, ¶ 6, 132 P.3d 540, ¶ 6 (citation omitted). He also generally restates the claims he raised in his petition for postconviction relief filed in the District Court.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that Insua's appeal is without merit because the issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶5 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS