No. 05-720

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 6N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ALAN FRANK COMBS,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DC 2004-244C,
                 Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Lane K. Bennett, Attorney at Law, Kalispell, Montana

        For Respondent:

            Hon. Mike McGrath, Montana Attorney General, Joslyn M. Hunt,
            Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Daniel M. Guzynski,
            Deputy County Attorney, Kalispell, Montana

                                    Submitted on Briefs:  October 25, 2006

                                           Decided:  January 10, 2007

Filed:

        _____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In June 2004, Alan Frank Combs (Combs) was charged by Information with felony attempted deliberate homicide and felony aggravated burglary. Both charges stemmed from his 2:30 a.m. unlawful entry into the home of his estranged wife, Libby, at which time he cut her wrist with a razor blade in an attempt to kill her. The ensuing struggle awakened Combs' ten-year old daughter, E.W., who was living with Libby. E.W. entered Libby's bedroom to try to stop Combs. Combs instructed her to leave the room but she returned when Libby called to her. At that time Combs fled the residence.

¶3 At his arraignment, Combs pleaded not guilty to both charges. Prior to trial, the State amended its Information to include a third felony count: assault with a weapon. Combs pleaded not guilty to the third charge as well. At a subsequent change of plea hearing in June 2005, Combs withdrew his former not guilty pleas, and entered a plea of no contest to Count II, Aggravated Burglary, and Count III, Assault with a Weapon. In return, the court dismissed Count I, Attempted Deliberate Homicide. Combs signed an Acknowledgement of Rights and Pretrial Agreement at this hearing. As part of his plea agreement, the State agreed to recommend that Combs receive a sentence of fifty (50)

2

years at Montana State Prison (MSP) with twenty-five (25) suspended. A pre-sentence investigation (PSI) and report was ordered.

¶4 In August 2005, Combs moved to withdraw his no contest pleas on the ground that he had discovered new and exculpatory evidence. This evidence consisted of a single statement in the victim's impact statement in the PSI report, in which Libby stated: "[E.W.] and I went threw [sic] the entire case again because of the [upcoming] trial date . . . ." Combs maintained that this statement was contrary to earlier statements in which both Libby and E.W. asserted that they had not spoken with one another about the incident. He also argued that the statement was evidence that Libby and E.W. had colluded on their proposed testimony and that Libby had tampered with E.W.'s witness testimony in violation of § 45-7-206, MCA.

¶5 Libby responded by filing an affidavit in which she acknowledged that she and E.W. were forbidden by court order from discussing the case, and swore that they had not. She explained in the affidavit that the misinterpreted statement was meant to convey that both she and E.W. had discussed the details of the attack individually and separately with the county attorney in preparation for trial. She testified by affidavit that "I did not intend to relay through this statement that [E.W.] and I discussed with one another the details of the attack at any time prior to trial." She denied any attempt to manipulate E.W.'s testimony.

¶6 On September 7, 2005, the District Court denied Combs' motion to withdraw his pleas, and on September 15 the court sentenced Combs to MSP for thirty (30) years for aggravated burglary and twenty (20) years, consecutive, for assault with a weapon.

Combs appeals the District Court's denial of his motion to withdraw his pleas. He also claims the District Court erred by sentencing him to twice the sentence recommended in the plea agreement based on allegations underlying the dismissed felony homicide charge.

¶7 We review a denial of a motion to withdraw a plea to determine if the district court's findings of fact are clearly erroneous and the court's conclusions of law are correct. A defendant's guilty plea must be voluntary, knowing, and intelligent. The question of a plea's voluntariness is a mixed question of law and fact, and we review such questions de novo, determining whether the district court's holding was correct. *State v. Chase*, 2006 MT 13, ¶ 13, 331 Mont. 1, ¶ 13, 127 P.3d 1038, ¶ 13 (citations omitted). Additionally, we review a criminal sentence for legality. *State v. Mason*, 2003 MT 371, ¶ 19, 319 Mont. 117, ¶ 19, 82 P.3d 903, ¶ 19.

¶8 We note that Combs did not argue in the District Court nor in this Court that his pleas of no contest were not knowingly or voluntarily made; rather, his motion was based on his contention that Libby had engaged in collusion, witness tampering and lying. The District Court, however, concluded otherwise. The court held that the PSI statement was not "newly discovered exculpatory evidence," and that Combs' challenge regarding the statement was "nothing more than [Combs'] unsupported conclusion as to the meaning of the . . . statement." The District Court concluded that Combs presented no claim or evidence that his plea was entered contrary to the statutory requirements of §§ 46-12-210 or 46-16-105(1), MCA. We agree. The record supports both the District Court's findings and legal conclusion.

4

¶9    As to Combs' challenge to his sentence, the record shows that the charge of aggravated burglary to which Combs pleaded no contest incorporated the intent to commit deliberate homicide.[1]  Moreover, the record indicates that Combs testified at his change of plea hearing that he understood that the aggravated burglary charge included the intent to commit deliberate homicide and that he believed that if he went to trial, there was a high probability that he would be convicted on that charge.

¶10    The District Court is allowed to consider any relevant evidence relating to the nature and circumstances of the crime.  *Mason*, ¶ 23.  In order to sentence Combs under the aggravated burglary charge, which included the intent to commit deliberate homicide, the District Court considered the evidence Combs presented during his change of plea hearing.  This was not error.

¶11    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence and the legal issues presented are clearly controlled by settled Montana law which the District Court correctly interpreted.

---

[1] The Defendant, ALAN FRANK COMBS, on or about June 24, 2004, in Flathead County, Montana, knowingly and unlawfully entered and remained in an occupied structure, the Libby Combs residence, with the purpose to commit the offense of Deliberate Homicide therein and in the course of committing the offense, purposely or knowingly inflicted bodily injury upon another, Libby Combs, with a weapon (a razor blade) . . . .

5

¶12     We affirm the judgment of the District Court.


                                                /S/ PATRICIA COTTER



We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JOHN WARNER