DA 07-0405

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 163N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALAN FRANK COMBS,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 2004-244 (C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Alan Frank Combs (Pro Se), Great Falls, Montana

      For Appellee:

          [No brief filed]

Submitted on Briefs:  April 10, 2008

Decided:  May 8, 2008

Filed:

_____
                   Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Alan Frank Combs (Combs) appeals the Eleventh Judicial District Court's denial of his motion to withdraw a guilty plea and the court's denial of his "motion to dismiss the judge."  We affirm.

ISSUE

¶3     Did the District Court err by denying Combs' motions?

FACTUAL AND PROCEDURAL BACKGROUND

¶4     In September 2005 Combs was convicted of felony aggravated burglary and assault with a weapon and sentenced to Montana State Prison for fifty (50) years—thirty (30) years for burglary followed by twenty (20) years for assault.  He appealed his conviction on the ground that the District Court erred in denying his motion to withdraw his guilty plea.  We affirmed the District Court in a memorandum opinion in January 2007, *State of Montana v. Combs*, 2007 MT 6N.

¶5     In March 2007 Combs filed a pro se Motion to Withdraw a Plea of Guilty before the same trial judge in District Court.  In this new motion he alleged dissatisfaction with his trial attorney.  Subsequently, he also filed a "Motion to Dismiss Judge, and for

2

Change of Venue." The District Court denied Combs' motion to withdraw his plea, finding that the motion was based on "unsupported allegations" which were contrary to the record. The court, interpreting Combs' motion to dismiss judge as a motion to disqualify for cause, denied the motion holding that it was not in the proper form and that it failed to allege facts showing personal bias or prejudice. Combs filed a timely appeal of these denials. The State did not file a response brief.

¶6 As in District Court, the grounds for Combs' appeal are dissatisfaction with trial counsel and trial judge. The relief sought by Combs appears to be that we vacate his conviction, allow him to withdraw his plea, remove the judge, appoint him new counsel and offer him a new trial. Having ruled on an earlier appeal in this same matter, we interpret Combs' current brief as a petition for postconviction relief.

¶7 As indicated above, in 2005 Combs appealed the District Court's denial of his original motion to withdraw his guilty plea and we affirmed the District Court. Combs' current brief presents sufficient facts to establish that Combs was dissatisfied with his counsel during the original proceeding and that he believed the trial judge was unfairly biased against him or engaged in ex parte communications. While the record does not support these claims, Combs nonetheless could have raised them during his earlier appeal but failed to do so. We do not consider grounds for postconviction relief that reasonably could have been raised on direct appeal. Section 46-21-105(2), MCA. As we have held in the past, we consistently apply the statutory bar in § 46-21-105(2), MCA, to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal. *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329,

3

¶ 15, 132 P.3d 540, ¶ 15.  Moreover, were we to consider the merit of Combs' claim of ineffective assistance, we would deny Combs' petition on the grounds that he failed to present any substantive legal argument to support this claim.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provide for memorandum opinions.  It is manifest on the face of Combs' brief and the record before us that Combs' request for postconviction relief is without merit because the issues raised could have been raised during Combs' direct appeal.

¶9     We affirm the judgment of the District Court.


                                          /S/ PATRICIA COTTER


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE