DA 12-0392

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 142N

ALAN F. COMBS,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 12-502C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Alan F. Combs (self-represented), Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Katie F. Schultz, Assistant
Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  May 8, 2013
Decided:  May 28, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Alan Combs appeals from the District Court's Order of May 21, 2012, denying his March 29, 2012, petition for postconviction relief.  We affirm.

¶3     In 2005 Combs entered a no contest plea to charges of aggravated burglary and felony assault with a weapon.  The District Court convicted Combs and sentenced him to consecutive terms of 30 and 20 years.  Combs appealed and this Court affirmed.  *State v. Combs*, 2007 MT 6N.  In 2007 Combs moved to withdraw his plea; the District Court denied the motion; and Combs appealed.  On appeal, this Court classified the proceeding as a petition for postconviction relief and affirmed the District Court.  *State v. Combs*, 2008 MT 163N.  In April 2009, Combs petitioned this Court for a writ of habeas corpus.  This Court denied relief in an order of June 23, 2009.

¶4     The present petition for postconviction relief alleges that the prosecution failed to disclose fingerprint evidence to Combs, and that he became aware of this evidence in 2008. The District Court dismissed the petition as untimely under § 46-21-102, MCA.  Subsection (1) of that section requires petitions for postconviction relief to be filed within one year of the date the conviction becomes final. Combs was convicted in 2007. Subsection (2) of that section allows consideration of a petition for postconviction relief based upon newly

discovered evidence, if it is filed within one year of the date the defendant discovers the existence of the evidence. Combs states that he knew about the subject fingerprint evidence in 2008. Under the facts, Combs' petition was barred by subsections (1) and (2) of § 46-21-102, MCA.

¶5     Therefore, we conclude that the District Court properly applied § 46-21-102, MCA, and dismissed the petition.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly applied.

¶7     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS