

FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0731

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0731

FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JUAN ANASTASIO RODRIGUEZ,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

O R D E R

Representing himself, Juan Anastasio Rodriguez has filed a Petition for Writ of Habeas Corpus, alleging that he is illegally restrained of his liberty in Deer Lodge, Montana. He states that he "is challenging his facially invalid revocation sentence to the Montana Department of Corrections for 10-years, with 5-years suspended, on May 19, 2015[.]"

In November 2009, the State originally charged Rodriguez with felony burglary and misdemeanor criminal mischief. In June 2010, the State sought to amend the charging documents to include felony tampering with witness/information and felony tampering with or fabricating physical evidence. The State and Rodriguez entered into a plea agreement, where Rodriguez pleaded guilty to burglary and tampering with a witness. On October 29, 2010, the Cascade County District Court deferred imposition of sentence for concurrent six-year terms. Rodriguez did not appeal.

Between the years of 2011 to 2014, the State filed several petitions to revoke. The court held a revocation hearing on May 19, 2015, and the court committed Rodriguez to the Department of Corrections for two, concurrent ten-year sentences with five years suspended (2015 sentence upon revocation). Through counsel, Rodriguez appealed, raising an issue of street time credit. *State v. Rodriguez*, No. DA 16-0353, 2018 MT 241N, 2018 Mont. LEXIS 326 (Sept. 25, 2018) (*Rodriguez I*). This Court affirmed the District

Court's 2015 sentence upon revocation. *Rodriguez I*, ¶¶ 2, 12. We stated: "The District Court imposed a legal sentence within statutory parameters and Rodriguez failed to contemporaneously object. Therefore, this issue is not subject to appellate review." *Rodriguez I*, ¶ 12.

We point out that Rodriguez also has a consecutive prison sentence of seventy-five years, with twenty-five years suspended, for felony sexual intercourse without consent, which he appealed in 2018, and we affirmed. *State v. Rodriguez*, 2021 MT 65, 403 Mont. 360, 483 P.3d 1080 (*Rodriguez II*). Rodriguez has sought other relief with this Court. *See Rodriguez v. Bludworth*, No. OP 20-0318, Order denying his bail request pending appeal for the consecutive prison sentence (Mont. Jun. 23, 2020) (*Rodriguez III*); *Rodriguez v. Salmonsen*, No. OP 22-0692, Order denying habeas corpus relief (Mont. Dec. 20, 2022) (*Rodriguez IV*); *Rodriguez v. Salmonsen*, No. OP 23-0227, Order denying habeas corpus relief (Mont. May 2, 2023) (*Rodriguez V*); and *State v. Rodriguez*, No. DA 23-0606, Order denying motion for appointment of counsel and dismissing improper appeal of his consecutive prison sentence (Mont. Oct. 24, 2023) (*Rodriguez VI*). Through counsel, he has a pending appeal of the District Court's denial of his petition for postconviction relief for his consecutive prison sentence. *Rodriguez v. State*, No. DA 23-0677.

In his instant Petition, Rodriguez raises at least four claims with his 2015 sentence upon revocation. He contends that the State was "without jurisdiction and statutory authority to file a petition to revoke a non-existent sentence, MCA 46-18-203(2)[.]" He reaches this conclusion by applying his credit for jail time served to his original deferred sentence and calculating a sentence of three years. He also puts forth that in 2010, the District Court lacked jurisdiction and statutory authority to revoke Rodriguez's deferred sentence . . . "because the deferred sentence expired before the State filed a petition to revoke." He argues that the District Court erred when it imposed the $92,564.58 in victim restitution after Medicare had covered and paid the medical claims. He provides a November 1, 2024 Order where the District Court adjusted the remaining restitution amount to zero because the victim had since died. Rodriguez adds that because "Medicare did not ask for restitution . . ." he should be reimbursed $11,066.10 for his payments.

2

Lastly, Rodriguez questions why his "revocation sentence is not scheduled to expire until October 17, 2070."

Rodriguez never had a three-year sentence. This Court has repeatedly told him that fact. *Rodriguez IV*, at 2 and *Rodriguez V*, at 2-3. Moreover, Rodriguez has not calculated his deferred sentence correctly. Any credit for time served would not apply until his sentence was revoked. Section 46-18-203(7)(b), MCA (2009 and 2015). The District Court imposed the original sentence in open court on October 19, 2010, when Rodriguez received the deferred imposition of six years. His original sentence would have run until October 2016. The State filed its petitions to revoke, and the District Court had jurisdiction to revoke his original sentence during that time frame. Section 46-18-203(2), MCA; *DeShields v. State*, 2006 MT 58, ¶¶ 13-14, 331 Mont. 329, 132 P.3d 540.

Rodriguez cannot challenge his restitution when he did not appeal in 2010. *Rodriguez IV*, at 1; § 46-22-101(2), MCA. We have stated that "[a]ny challenge to the court's imposition of restitution should have been raised in a direct appeal." *Rodriguez IV*, at 2. *See also Rodriguez V*, at 2-3. Rodriguez is not entitled to any refund of the restitution that he has paid, as the District Court concluded in its November 1, 2024 Order.

Lastly, his attached sentence calculations are correct, as calculated by the Records Department at the Montana State Prison. Rodriguez must serve the custodial term prior to serving any probationary, or suspended, sentence. Rodriguez began serving his 2015 sentence upon revocation of five years in prison in February 2014, after credit for time served was applied, and the date of the prison discharge was February 5, 2019. He would begin serving his consecutive prison sentence after that date and with the appropriate credit for time served applied of 1,193 days. *Rodriguez VI*, at 1-2. The date that his consecutive prison sentence discharges is October 18, 2065, or fifty years later for his custodial term. After that, Rodriguez must serve the five-year, suspended term of his 2015 sentence upon revocation, which would end on October 17, 2070.

Rodriguez is barred from raising any claims about his 2015 sentence upon revocation. *See Rodriguez V*, at 2-3 ("Rodriguez has exhausted these remedies with this Court. . . . We conclude that the doctrine of *res judicata* applies because Rodriguez

3

continues to raise arguments already litigated."). His claims are also moot as he discharged the prison sentence in 2019. *See also Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 25, 323 Mont. 140, 99 P.3d 171 (this Court cannot grant effective relief because the issue ceases to exist).

Rodriguez has not demonstrated illegal restraint or a facially invalid sentence. Section 46-22-101(1), MCA. This Court cautions Rodriguez to refrain from filing petitions for extraordinary relief concerning his 2010 convictions and his 2015 sentence upon revocation. If he persists in seeking such relief, this Court will impose a requirement of submitting a motion for leave for review along with any pleading. Therefore,

IT IS ORDERED that Rodriguez's Petition for Writ of Habeas Corpus is DENIED DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: counsel of record; Joshua A. Racki, Cascade County Attorney; Shandor S. Badaruddin, Appellate Counsel; and Juan Anastasio Rodriguez personally.

DATED this 31st day of December, 2024.

_____

_____

_____

_____

_____
Justices

4