NO. 93-070

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

JOHN LEE McGUIRE,

     Defendant and Appellant.

FILED

OCT 04 1993.

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Jeannette Ellen Berry; Berry & Bordy, Bozeman,
Montana

     For Respondent:

     Hon. Joseph P. Mazurek, Attorney General, Micheal S.
Wellenstein, Ass't Attorney General, Helena, Montana

     A. Michael Salvagni, Gallatin County Attorney,
Marty Lambert, Chief Deputy Gallatin County
Attorney, Bozeman, Montana


Submitted on Briefs:  August 12, 1993

Decided:  October 4, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John McGuire appeals the sentence imposed by the Eighteenth Judicial District Court, Gallatin County, following conviction for one count each of felony theft and burglary. We affirm.

The procedural facts relevant to this appeal are set forth in State v. McGuire, No. 92-534 (Oct. 4, 1993) (McGuire I). Subsequent to sentencing in Flathead County, McGuire was sentenced on the Gallatin County theft and burglary convictions to concurrent terms of ten and twenty years imprisonment, respectively, with five years suspended. The District Court's sentence contained no reference to the Flathead County sentence and did not expressly provide that it would run concurrently with that previously imposed sentence.

The issue on appeal is whether the District Court erred in sentencing McGuire on the Gallatin County charges.

McGuire correctly notes that the court in Flathead County expressly made its sentence consecutive to the one to be imposed in Gallatin County. He also correctly argues that, pursuant to § 46-18-401(1) (a), MCA, his Gallatin County sentence is consecutive to the Flathead County sentence because it was not expressly ordered to run concurrently. On that basis, McGuire contends that the sentences are ambiguous because they run consecutively to each other and neither has a definite commencement date.

While McGuire argues that the Gallatin County sentence was invalid and illegal, any ambiguity resulting from the combined effects of the Flathead and Gallatin County sentences was removed

2

by our decision in McGuire I. There, we determined that the court in Flathead County exceeded its sentencing authority under § 46-18-401, MCA, by ordering its sentence to be served consecutively to one not yet imposed. We modified that sentence and judgment, striking the portion providing for consecutive sentences.

McGuire concedes that § 46-18-401(1)(a), MCA, authorizes the District Court in Gallatin County to make its sentence consecutive to the one imposed by the court in Flathead County. Under that statute, the court imposing the second sentence has the discretion to make the sentences concurrent; failure to expressly do so results in consecutive sentences. McGuire I, No. 92-534, slip op. at 3.

It is clear that the District Court in Gallatin County had the statutory authority, but no affirmative duty, to merge its sentence with the one imposed in Flathead County: it declined to do so. McGuire asserts no actual error by the District Court in Gallatin County in exercising its discretion under, or in otherwise applying, § 46-18-401(1)(a), MCA.

We hold that the District Court did not err in sentencing McGuire on the Gallatin County charges. The effect of McGuire I and this case is that the Gallatin County sentence will run consecutive to the sentence imposed in Flathead County, as modified by this Court in McGuire I.

Affirmed.

_____
Justice

We concur:

_H. A. Turnage_
Chief Justice

_John Conway Harrison_

_Fred J. Weber_
Justices

October 4, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Jeannette Ellen Berry
Berry & Bordy
2631 W. Main St.
Bozeman, MT 59715

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

A. Michael Salvagni, County Attorney
Marty Lambert, Deputy County Attorney
615 So. 16th Ave., Rm. 100
Bozeman, MT 59715


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy