No. 92-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JOHN LEE McGUIRE,

       Defendant and Appellant.

FILED

OCT 04 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Jeannette Ellen Berry; Berry & Bordy, Bozeman,
Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, Micheal S.
Wellenstein, Ass't Attorney General, Helena, Montana

          Thomas J. Esch, Flathead County Attorney, Ed
Corrigan, Deputy Flathead County Attorney,
Kalispell, Montana


Submitted on Briefs:  August 12, 1993

Decided:  October 4, 1993

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John McGuire appeals the sentence imposed by the Eleventh Judicial District Court, Flathead County, following conviction for the offense of burglary. We modify the sentence and remand for entry of sentence consistent with this opinion.

The issue on appeal is whether the District Court erred by imposing a sentence consecutive to one not yet imposed by another district court.

On March 27, 1990, John McGuire (McGuire) pled guilty to a burglary charge in Flathead County. The District Court granted his request to postpone sentencing until he completed a drug and alcohol treatment program at the State Hospital in Galen. McGuire escaped from that facility in May of 1990.

McGuire was subsequently arrested in November of 1990 for offenses committed in Gallatin County. He pled guilty to one count of felony theft and one count of burglary in August of 1992. Prior to sentencing in Gallatin County, however, McGuire was returned to Flathead County for sentencing on the earlier burglary conviction.

On September 14, 1992, the Eleventh Judicial District Court, Flathead County, sentenced McGuire to a twenty-year sentence at the Montana State Prison, with eight years suspended. The court ordered that the sentence be served consecutively to the sentence McGuire subsequently would receive in Gallatin County. On November 4, 1992, McGuire was sentenced for the felony theft and burglary convictions in Gallatin County. McGuire appeals from the sentence

2

imposed by the District Court in Flathead County.

Did the District Court err by imposing a sentence consecutive to one not yet imposed by another district court?

McGuire argues that under § 46-18-401(1)(a), MCA, only a district court which imposes a sentence subsequent to one already imposed has the authority to determine whether the sentences will be concurrent or consecutive to each other. On that basis, he contends that the Eleventh Judicial District Court exceeded its sentencing authority by ordering its sentence to run consecutive to one not yet imposed by the district court in Gallatin County. We agree.

Section 46-18-401(1)(a), MCA, authorizes a court imposing sentence on a person already serving a term of commitment to determine whether the new sentence will be concurrent with, or consecutive to, the sentence previously imposed. The statute makes consecutive sentences under these circumstances automatic "[u]nless the judge otherwise orders." Section 46-18-401(1)(a), MCA.

It is clear that this statute is not applicable here and provides no support for the District Court's order for consecutive sentences. McGuire was not serving another sentence at the time the District Court sentenced him on the Flathead County burglary charge. Thus, we conclude that the Eleventh Judicial District Court, Flathead County, was without authority to order McGuire to serve his term of incarceration consecutive to another sentence not yet imposed.

Furthermore, sound sentencing principles preclude a court from

3

imposing a sentence consecutive to one not yet imposed. By definition, a consecutive sentence does not begin until the sentence to which it is consecutive has been satisfied. On that basis, a sentence ordered to run consecutively to one which has not been imposed creates problems of implementation. Furthermore, when a court orders a sentence to run consecutively to one not yet imposed, the court does so without knowing the length of the future sentence; therefore, it lacks an adequate basis for the exercise of its discretion. Finally, the imposition of consecutive sentences under these circumstances interferes with the sentencing discretion of the court which will impose the future sentence. See State v. King (Ariz. App. 1990), 802 P.2d 1041.

On appeal from a criminal conviction, we may reverse, affirm or modify the judgment or order from which the appeal is taken. Section 46-20-703, MCA. Because we have determined that the District Court in Flathead County exceeded its sentencing authority, we modify the judgment and sentence by striking the provision ordering McGuire's sentence to be consecutive to one not yet imposed in Gallatin County, affirm the remainder of the sentence, and remand this cause to the District Court for entry of sentence consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

4

John Conway Harrison

Tom Trieweiler

_____

Justices

October 4, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jeannette Ellen Berry
BERRY & BORDY
2631 West Main Street
Bozeman, MT 59715

HON. JOSEPH P. MAZUREK, Attorney Generl
Micheal S. Wellenstein, Assistant
Justice Bldg.
Helena, MT 59601

Thomas J. Esch, County Attorney
Ed Corrigan, Deputy
Flathead County, P.O. Box 1516
Kalispell, MT 59903-1516

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy