No. 01-736

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 243

_____

**OPINION AND ORDER**

STANA JEAN VANCE,

Petitioner,

v.

WARDEN JO ACTON and

WARDEN JAMES McDONALD,

Respondents.


¶1 Stana Jean Vance (Vance), *pro se*, filed a Petition for Writ of Habeas Corpus, contending she was entitled to the benefit of this Court's decision in *State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475, because she did not receive a probable cause hearing within 36 hours of her arrest under a bench warrant for probation revocation. The State of Montana has conceded that Vance is entitled to the benefit of our *Giddings* decision, and indicates it intends to proceed in accordance with § 46-23-1012, MCA (2001), by filing a petition for revocation of deferred sentence and obtaining a bench warrant. Vance argues, however, that a petition for revocation of a deferred sentence must be filed during the period of the deferred sentence, under § 46-18-203, MCA. Since her deferred sentence expired in April 2001, she argues that the refiling of a petition for revocation of an expired sentence is prohibited under the law. On November 20, 2001, we

directed the State to file a response to Vance's argument.

¶2 The State has responded, claiming it may proceed anew with revocation proceedings under § 46-23-1012, MCA (2001), even though Vance has discharged her original sentence.

¶3 There is no dispute that the probation violation occurred in October of 1999, nor does the State dispute the fact that Vance's original sentence expired in April 2001. However, the State relies on *State v. Goebel*, 2001 MT 155, ¶ 30, 306 Mont. 83, ¶ 30, 31 P.3d 340, ¶ 30, where we held that due to the jurisdictional defect in the proceedings, all subsequent proceedings in the district court were void *ab initio*, and the parties are therefore returned to the same position "as if no District Court proceedings had occurred." Id., ¶ 30 (citation omitted). The State infers from this holding that the original sentence is tolled during the period of the void proceedings, for purposes of refiling a petition to revoke. The State cites ¶ 32 of *State v. Goebel, supra*, where we said:

> While Giddings, and others who are similarly situated, were not afforded a hearing pursuant to § 46-23-1012, MCA (1999), and thus the District Court lacked jurisdiction to hold a revocation hearing in their cases, the State may now refile the petition to revoke their probation pursuant to § 46-23-1012, MCA (2001), as long as those probationers were still "under the custody or supervision of the department of corrections" on May 1, 2001.

The State argues that since Vance was under the custody or supervision of the Department of Corrections on May 1, 2001, pursuant to the void judgment of June 8, 2000, the State is entitled to refile, irrespective of the fact that the original sentence expired in April, 2001. We disagree.

¶4 The fact that the previous revocation proceedings were defective and therefore void *ab initio* does not mean that time stood still during the period of defective proceedings. Time passed, and Vance's original sentence expired. Moreover, the provisions of § 46-18-203, MCA, are not suspended by virtue of our decision in *Giddings and Goebel, supra*. Section 46-18-203(2), MCA, clearly states:

> The petition for a revocation must be filed with the sentencing court during the period of suspension or deferral.

¶5 There is no provision in the law allowing the State to refile a petition for revocation of suspended or deferred sentence to "relate back to the date of the probation violation" as the State urges. Although we have held in *Giddings* and *Goebel* that the State may refile a petition to revoke a suspended or deferred sentence, such refiling is conditional upon the petition being filed during the period of suspension or deferral of sentence, as § 46-18-203 (2), MCA, requires. Once the term of the sentence expires, the State has no more power to refile a petition to revoke that suspended or deferred sentence than it would have to file an original proceeding to revoke under those circumstances. Accordingly,

¶6 IT IS HEREBY ORDERED that Stana Jean Vance's Petition for Writ of Habeas Corpus is GRANTED. The State of Montana is directed to release Vance from custody with respect to the captioned cause number within 48 hours of the date of this Order.

¶7 IT IS FURTHER ORDERED that the Clerk of this Court is directed to serve notice of this Order by mail to Stana Jean Vance at her last known address and upon the respondents' attorneys.

DATED this 5th day of December, 2001.

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE