DA 06-0227 and DA 06-0303

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 257

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

PAUL JAY SOUTHWICK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and For the County of Cascade, Cause Nos. BDC-99-105, CDC-99-106
                      Honorable Julie Macek and Kenneth R. Neill, Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

            Jeremy Gersovitz, Attorney at Law, Helena, Montana

      For Appellee:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein, Assistant
            Attorney General, Helena, Montana

            Brant S. Light, Cascade County Attorney; Susan Weber, Deputy County
            Attorney, Great Falls, Montana

Submitted on Briefs:  February 14, 2007

Decided:  October 9, 2007

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Paul Jay Southwick (Southwick) appeals from the denial of his motion for re-sentencing in the Eighth Judicial District, Cascade County.

¶2      We restate and address the issues on appeal as follows:

¶3      1.  Does the doctrine of res judicata bar this Court's consideration of the merits of Southwick's claim that the District Court imposed an illegal sentence?

¶4      2.  Does Southwick's failure to object to his sentences at either of his original sentencing hearings, or at the time the District Court revoked his suspended commitments, preclude review of his sentences?

¶5      3.  Do the sentences imposed exceed the District Court's statutory authority?

**BACKGROUND**

¶6      On March 29, 1999, the State charged Southwick in Cascade County No. BDC-99-105 with the felony offense of issuing a bad check.  That same day he was also charged in Cascade County No. CDC-99-106 with the offense of felony forgery.  The offenses in both cases occurred in late 1998.  In October 2000, Southwick pled guilty in both cases.

¶7      On December 12, 2000, the District Court committed Southwick to the Montana Department of Corrections (DOC) for placement in an appropriate facility or program for a period of ten years with five years suspended in No. BDC-99-105.  He received 558 days credit for time already served.  Later, on February 8, 2001, he was committed in CDC-99-106 to DOC for fifteen years with ten years suspended.   He received 616 days credit for time already served.

2

¶8 At the time Southwick committed the offenses, the applicable statute limited a commitment to the DOC to five years. Section 46-18-201(1)(e), MCA (1997). However, in 1999, the Montana legislature amended this section to allow a longer DOC commitment up to the maximum time that a defendant could be sentenced for a particular offense, provided that "all but the first 5 years of the commitment to the department of corrections [are] suspended." Section 46-18-201(3)(d)(i), MCA (1999).

¶9 In March 2002, Southwick was released on parole. The record reflects that his parole was revoked in April 2003, and he returned to DOC custody. Southwick then petitioned this Court for a writ of habeas corpus. He argued that the District Court improperly applied the sentencing statute that was in effect at the time he was committed to the DOC, instead of the statute in effect at the time he committed the offenses. On September 30, 2003, this Court denied his petition.

¶10 The record makes it clear that Southwick discharged the unsuspended five year part of his DOC commitments by June 1, 2004. He was then released from custody to begin serving the suspended portion of the commitments. In February 2005, the State filed a petition in both BDC-99-105 and CDC-99-106 to revoke the suspended portions of his commitments. The District Court revoked the suspended commitments and ordered that Southwick again be committed to DOC for an additional five years in each case.

¶11 In February of 2006, Southwick petitioned this Court for a writ of habeas corpus, again arguing that his sentence was illegal. His petition was denied in March 2006, based on the doctrine of res judicata.

3

¶12 In addition to his petition in this Court, Southwick simultaneously filed motions in the District Court for re-sentencing on the ground that his sentence was illegal. Neither Southwick nor the State raised the sufficiency or timeliness of his motion to re-sentence. The District Court denied his motions, and he now appeals that denial in a consolidated appeal of both BDC-99-105 and CDC-99-106.

STANDARD OF REVIEW

¶13 This Court reviews a criminal sentence for its legality. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8.

DISCUSSION

ISSUE ONE

¶14 Does the doctrine of res judicata bar this Court's consideration of the merits of Southwick's claim that the District Court imposed an illegal sentence?

¶15 The State asserts that res judicata bars review of Southwick's argument because this Court has previously addressed the issue in ruling on his habeas petition in 2003.[1] Generally, res judicata dictates that an appellant may not raise issues that we have decided in a prior appeal. *State v. Black*, 245 Mont. 39, 44, 798 P.2d 530, 533 (1990); *State v. Perry*, 232 Mont. 455, 463-65, 758 P.2d 268, 273 (1988), *overruled on other grounds*, *State v. Clark*, 2005 MT 330, ¶ 32, 330 Mont. 8, ¶ 32, 125 P.3d 1099, ¶ 32. The policy rationales

---

[1] The State argues that both res judicata and the law of the case doctrine prevent us from addressing Southwick's arguments. We have previously stated that, "[w]hether labeled res judicata or law of the case, the effect is the same," because both doctrines prevent appellants from raising issues previously decided by the Court. *State v. Van Dyken*, 242 Mont. 415, 426, 791 P.2d 1350, 1356 (1990). Because we conclude that res judicata is inapplicable here, the law of the case doctrine is also inapplicable.

underlying res judicata are judicial economy and the need for finality of judgments. *Perry*, 232 Mont. at 463, 758 P.2d at 273.

¶16    While res judicata usually precludes reviewing an issue already decided, we have also recognized that in limited circumstances the Court may correct a "manifest error" in its prior decision:

> "The doctrine of res judicata, if applicable, does not prevent the court from correcting manifest error in its former judgment. . . . '[or] require[] it to adhere to an unsound declaration of the law. It may, for cogent reasons, reverse or qualify a prior decision, even in the same case. But the cases in which this will be done are exceptional, and the power should be sparingly exercised.'"

*Fiscus v. Beartooth Electric Cooperative, Inc.*, 180 Mont. 434, 437, 591 P.2d 196, 198 (1979) (quoting *Perkins v. Kramer*, 121 Mont. 595, 600, 198 P.2d 475, 477 (1948) (citation omitted)).  We have also noted that, "'[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.'" *Kills On Top v. State*, 279 Mont. 384, 400, 928 P.2d 182, 192 (1996) (quoting *Sanders v. U.S.*, 373 U.S. 1, 8, 83 S. Ct. 1068, 1073 (1963)).

¶17    We apply res judicata to bar re-litigation of issues in criminal cases if three criteria are met: (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. *Kills On Top*, 279 Mont. at 399, 928 P.2d at 192 (citing *State v. Baker*, 272 Mont. 273, 282, 901 P.2d 54, 59 (1995)).  When a criminal defendant is potentially subject to a facially illegal sentence, the ends of justice suggest that res judicata should not bar

5

rehearing of issues, even if the first two criteria are met. *See Kills On Top*, 279 Mont. at 400, 928 P.2d at 192.

¶18    Similarly, this Court has held that other procedural bars, such as limitations on habeas proceedings, may not apply when a defendant's sentence is facially illegal. *Lott v. State*, 2006 MT 279, ¶¶ 20-22, 334 Mont. 270, ¶¶ 20-22, 150 P.3d 337, ¶¶ 20-22. As we stated in *Lott*, "incarceration of an individual pursuant to a facially invalid sentence represents a 'grievous wrong,' and a 'miscarriage of justice'" that warrants relief even if the defendant is otherwise procedurally barred. *Lott*, ¶ 22 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993); *Perry*, 232 Mont. at 462, 758 P.2d at 273).

¶19    We conclude that Southwick's appeal presents the rare and exceptional situation where the procedural bar of res judicata should not apply because justice demands that we not permit a facially illegal sentence to stand. While the State correctly notes that we reviewed Southwick's claim on the merits when we denied his habeas petition in 2003, thus meeting the first two prongs of the test set forth in *Kills On Top* and *Baker*, Southwick contends he is subject to a facially illegal sentence. As in *Lott*, the ends of justice require us to reach the merits of Southwick's appeal.

## ISSUE TWO

¶20    Does Southwick's failure to object to his sentences at either of his original sentencing hearings, or at the time the District Court revoked his suspended commitments, preclude review of his sentences?

¶21    Southwick faces another procedural hurdle to review of his claim because he did not object to his sentences when they were imposed. Generally, the Court will not review issues

6

that the appellant failed to raise at the district court level. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, ¶ 8, 151 P.3d 892, ¶ 8. However, there is a narrow exception to the rule. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 999-1000 (1979). The Court may "review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.

¶22 We have used the *Lenihan* exception when an appellant argues that a district court did not have authority to impose a particular sentence. For example, we applied *Lenihan* to reverse a sentence where the district court applied the incorrect statute when revoking a suspended sentence. *State v. Brister*, 2002 MT 13, ¶¶ 26-28, 308 Mont. 154, ¶¶ 26-28, 41 P.3d 314, ¶¶ 26-28. The sentence in *Brister* was illegal because it was imposed under a statute in effect at the time of revocation, rather than the statute in effect at the time the defendant committed the offense. *Brister*, ¶ 27. Similarly, we have reviewed a sentence where the defendant argued the district court exceeded statutory authority by impermissibly applying a sentencing enhancement. *State v. Garrymore*, 2006 MT 245, ¶¶ 15-16, 334 Mont. 1, ¶¶ 15-16, 145 P.3d 946, ¶¶ 15-16.

¶23 Southwick's case brings him precisely within the narrow *Lenihan* exception. In this case, similar to *Brister*, the District Court did not apply the correct sentencing statute and was thus without statutory authority to impose the sentences ordered. Because Southwick raises a claim that his sentences exceed the District Court's statutory authority, and not merely that the judge applied the statute incorrectly, we review the merits of his claim even though he did not raise the issue at his sentencing.

7

¶24 Do the sentences imposed exceed the District Court's statutory authority?

¶25 This Court has consistently held that a person must be sentenced under the statutes in effect at the time of the offense. *State v. Tracy*, 2005 MT 128, ¶ 16, 327 Mont. 220, ¶ 16, 113 P.3d 297, ¶ 16; *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24; *Brister*, ¶ 26. The prohibition on ex post facto laws includes statutes which make the punishment for a crime more burdensome than under the prior law. *State v. Suiste*, 261 Mont. 251, 253, 862 P.2d 399, 401 (1993). District courts cannot apply a sentencing statute enacted after the commission of an offense because to do so violates the prohibition on ex post facto laws. *State v. Gone*, 179 Mont. 271, 280, 587 P.2d 1291, 1297 (1978).

¶26 A district court only has the authority to impose a sentence based on the authority granted by the applicable statute. Any sentence that exceeds such authority is illegal and facially invalid. *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41; *State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, ¶ 8, 112 P.3d 1001, ¶ 8.

¶27 In this case, Southwick committed both offenses in 1998, while the 1997 version of the relevant statute was in effect. Section 46-18-201(1)(e), MCA (1997), authorized commitment to the DOC for only five years. The District Court exceeded the five year maximum under the 1997 statute by sentencing Southwick to ten years with five years suspended for issuing a bad check and fifteen years with ten years suspended for forgery. Therefore, the District Court erred in sentencing Southwick. Because § 46-18-201(3)(d)(i), MCA (1999), is more burdensome that the 1997 version of the statute in effect at the time of

8

the offenses, its application to Southwick violates the prohibition on ex post facto laws. *Suiste*, 261 Mont. at 253, 862 P.2d at 401.

¶28    We conclude, therefore, that Southwick's sentence is facially illegal. The sentence is only valid "insofar as the power of the court extends and is invalid only as to the excess." *DeShields v. State*, 2006 MT 58, ¶ 11, 331 Mont. 329, ¶ 11, 132 P.3d 540, ¶ 11 (citation omitted). Thus, the five year DOC commitment in each case was valid, but not the suspended portions following Southwick's DOC commitment.

¶29    In the ordinary case we would remand to the District Court to re-sentence Southwick. However, the record reveals that Southwick completely discharged the legal portion of his commitments in June 2004. A petition to revoke a suspended sentence cannot be filed after the term of a sentence expires. Section 46-18-203(2), MCA. Southwick had discharged the maximum time he could have been committed to DOC before the petition to revoke was filed in 2005, and the District Court had no authority to revoke a suspended commitment that was illegally imposed. *See Vance v. Acton*, 2001 MT 243, ¶ 5, 307 Mont. 71, ¶ 5, 36 P.3d 881, ¶ 5.

¶30    Southwick has discharged his DOC commitments. The order revoking the suspended portion of Southwick's commitments must be vacated.

CONCLUSION

¶31    This case is remanded to the District Court for further proceedings in conformity with this Opinion.

9

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS