JUSTICE RICE,
concurring.
¶22 Prior to the entry of his admissions to the alleged probation violations, Jones indicated that he had not been promised a *181 recommended disposition and his counsel acknowledged there was no agreement between the parties about the disposition. On that basis, the District Court accepted Jones’ admissions to the alleged violations. The District Court was advised about the Silver Bow plea agreement and order only after Jones had entered his plea. While I am willing to accept the Court’s conclusion that Jones was relying upon the Silver Bow plea agreement when tendering his admissions, and reverse the denial of his motion to withdraw plea, Jones and his counsel should have been diligent to advise the District Court of their reliance upon the Silver Bow plea agreement and order during the plea colloquy. ¶23 I trust it will not be missed that the idea that the Hill County District Court could be bound by a plea agreement and sentencing judgment entered in Silver Bow County is a “mistaken notion.” Opinion, ¶ 13. We have previously held that a district court cannot impose a sentence consecutive to one not yet imposed by another court. State v. McGuire, 260 Mont. 386, 388, 860 P.2d 148, 149-50 (1993). The same rule should apply to the attempt to impose a sentence concurrent to a sentence which may be imposed in the future.
CHIEF JUSTICE GRAY joins in the foregoing concurring opinion of JUSTICE RICE.