FILED

07/12/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0021

DA 16-0021

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2016 MT 169

_____

MATTHEW MONTGOMERY,

       Petitioner and Appellant,

    v.

STATE OF MONTANA,

       Respondent and Appellee.

O P I N I O N
A N D
O R D E R

_____

¶1    Appearing as a self-represented litigant, Matthew Montgomery appeals a November 10, 2015 Ravalli County District Court's summary denial of his motion to vacate his conviction and dismiss the charges. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    This Court is familiar with Montgomery's criminal history.[1] Montgomery entered a no-contest plea to felony incest in Ravalli County District Court and received a twenty-year suspended sentence in 2004. In May 2006, Montgomery was charged with numerous felony counts of sexual assault and sexual abuse of four children. Montgomery pleaded guilty to two counts of felony sexual assault in exchange for the dismissal of the remaining counts and withdrawal of a persistent felony offender notification. In January

_____

[1] Since 2009, Montgomery has filed three direct appeals, two of which were consolidated, and four original proceedings for habeas corpus relief with this Court. He has also sought rehearing on multiple occasions.

2007, the District Court sentenced Montgomery to twenty years in Montana State Prison (MSP) with ten years suspended for each felony, to run consecutively. The court also revoked Montgomery's suspended sentence from his 2004 conviction and committed him to MSP for twenty years with ten years suspended, to run consecutively with the sexual assault convictions.

¶3   Montgomery filed motions to withdraw his pleas to all of the above-described charges. In October 2008, the District Court denied the motions in both cases. Montgomery appealed. This Court affirmed the denial, concluding the motions were time-barred. *State v. Montgomery*, 2010 MT 193, ¶¶ 14-19, 357 Mont. 348, 239 P.3d 929 (*Montgomery I*).

¶4   He subsequently filed a petition for a writ of habeas corpus, claiming his incarceration was illegal and his three convictions for sexual offenses were invalid because the court lacked the authority to accept a no-contest plea in a sex offense case. *Montgomery v. Law*, No. OP 10-0489, 2010 Mont. LEXIS 605 (Dec. 7, 2010) (*Montgomery II*). We rejected his petition, noting that Montgomery could have raised these issues in an appeal "but elected not to do so and instead accepted the benefit of his bargain." *Montgomery II*, *3. We concluded he was therefore procedurally barred from raising these issues via habeas corpus.

¶5   In May 2013, Montgomery again sought habeas corpus relief on the grounds that "his convictions [were] 'generally and/or facially invalid.'" *Montgomery v. Green*, No. OP 13-0279, 2013 Mont. LEXIS 294, 311 P.3d 444 (table) (May 29, 2013) (*Montgomery III*). We reiterated that "Montgomery did not appeal from his 2004 or 2007

2

convictions." *Montgomery III*, *2. Citing § 46-22-101(2), MCA, we stated that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." *Montgomery III*, *2 (citing *Lott v. State*, 2006 MT 279, ¶¶ 4, 19, 334 Mont. 270, 150 P.3d 337).

¶6    In October 2014, Montgomery, appearing pro se, filed a motion to vacate his conviction and dismiss the charge. The District Court also denied this motion. He appealed, claiming that the District Court erred in concluding that it had subject matter jurisdiction over the State's case against Montgomery. We affirmed the order of the District Court. *State v. Montgomery*, 2015 MT 151, ¶ 2, 379 Mont. 353, 350 P.3d 77 (*Montgomery IV*). In August 2015, Montgomery filed another petition for habeas corpus relief, challenging the May 2006 commencement of his prosecution in the Ravalli County District Court. *Montgomery v. Green*, No. OP 15-0507, 2015 Mont. LEXIS 527, 381 Mont. 544, 357 P.3d 337 (table) (Sept. 1, 2015) (*Montgomery V*). In denying his petition, we stated that "[h]e raises the same argument that this Court already rejected in his direct appeal." *Montgomery V*, *3.

¶7    On October 26, 2015, Montgomery filed a "Motion To Vacate Conviction and Dismiss Charges" with the Ravalli County District Court. The court summarily denied the motion with a hand-written notation on November 10, 2015. This appeal follows.

## STANDARD OF REVIEW

¶8 "We review a district court's denial of a motion to dismiss in a criminal case de novo for correctness." *State v. Maloney*, 2015 MT 227, ¶ 12, 380 Mont. 244, 354 P.3d 611 (citing *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971).

## DISCUSSION

¶9 Montgomery filed a motion in the District Court to vacate his conviction and dismiss the charges against him, which the court summarily denied. He now appeals because of "a new rule of law . . . ." Montgomery complains that "the lower court side-stepped the constitutionally mandated procedure (vehicle) for making [a probable cause] determination." (Emphasis in original.) He further complains that as a pro se litigant he should have meaningful access to the courts.

¶10 The Attorney General for the State of Montana counters "that there must be an end to litigation at some point." *State v. Perry*, 232 Mont. 455, 464, 758 P.2d 268, 273 (1988) (internal citation omitted), *overruled in part on other grounds*, *State v. Clark*, 2005 MT 330, ¶¶ 30-32, 330 Mont. 8, 125 P.3d 1099. It argues that meaningful access to the courts is not a "license to relitigate a cause or to burden the resources of the court with successive claims which could have been brought in one action." *Perry*, 232 Mont. at 463, 758 P.2d at 273. The State maintains that Montgomery's appeal is barred by the doctrine of res judicata, and argues that Montgomery's successive appeals and petitions must come to an end. Montgomery replies that res judicata does not apply here.

¶11 Before we resolve the arguments presented, we address why we have referenced Montgomery's petitions for habeas corpus relief with this Court. This Court recognizes

4

"the familiar principle that *res judicata* is inapplicable in habeas proceedings." *Sanders v. United States*, 373 U.S. 1, 8, 83 S. Ct. 1068, 1073 (1963) (citing *Fay v. Noia*, 372 U.S. 391, 423, 83 S. Ct. 822, 840 (1963)). *See also Coleman v. State*, 194 Mont. 428, 438, 633 P.2d 624, 630 (1981) ("Historically the principle of *res judicata* was not seen to apply to writs of habeas corpus or petitions for relief under [the Federal Act, 22 U. S. C.] § 2255.") However, when viewed in the aggregate, all of Montgomery's challenges constitute collateral attacks against his convictions. We have stated that "[*r*]*es judicata* cannot be applied in such a manner as to deprive [a petitioner] of the right to file a post-conviction procedure. However, *res judicata* can be used to bar the rehearing of issues already litigated under the rule in *Sanders*." *Coleman*, 194 Mont. at 438, 633 P.2d at 630 (citing *Sanders*, 373 U.S. at 15, 83 S. Ct. at 1077). *See Dawson v. State*, 2000 MT 219, ¶ 162, 301 Mont. 135, 10 P.3d 49 ("The doctrine of res judicata may also pose a procedural bar to postconviction relief.").

¶12 The doctrine of res judicata bars relitigation of issues in criminal cases if three criteria are met:

(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application,
(2) the prior determination was on the merits, and
(3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Kills on Top v. State*, 279 Mont. 384, 399, 928 P.2d 182, 192 (1996) (citing *State v. Baker*, 272 Mont. 273, 282, 901 P.2d 54, 59 (1995)). *See also State v. Southwick*, 2007 MT 257, ¶ 17, 339 Mont. 281, 169 P.3d 698.

¶13 The doctrine of res judicata (claim preclusion) applies squarely to the instant appeal. *McDaniel v. State*, 2009 MT 159, n.2, 350 Mont. 422, 208 P.3d 817. Montgomery has previously raised the same arguments he now raises as to the legality of his convictions and sentences. "'[C]laim preclusion' refers to the preclusive effect of a judgment . . ." and forecloses litigation of matters that should have been raised in earlier, timely proceedings. *Perry*, 232 Mont. at 464, 758 P.2d at 274. This Court denied his two prior appeals on the merits, determining they were time-barred and invalid, respectively. *Montgomery I; Montgomery IV*. This Court also denied his habeas corpus petitions as procedurally barred. *Montgomery II; Montgomery III; Montgomery V*. He now raises the same arguments we have previously rejected. The ends of justice will not be served by reaching the merits of Montgomery's latest appeal.

**CONCLUSION**

¶14 Based upon the foregoing, this Court affirms the Ravalli County District Court's summary denial of Montgomery's motion to dismiss his conviction and vacate the charges.

¶15 IT IS HEREBY ORDERED that, prior to filing any pleading or original petition with this Court regarding his prior convictions or sentences as imposed in the Ravalli County District Court in 2004 and 2007, Montgomery must file with this Court a motion for leave to file the pleading or petition. The motion must be sworn under oath before a notary public, must not exceed three pages in length, and must make a preliminary showing that the motion has merit and is not barred under the foregoing criteria. Only when this Court has reviewed the motion and issued an order granting leave to file may

6

the Clerk of Court file the pleading or petition. The Clerk shall reject any non-conforming pleading or petition that Montgomery seeks to file and shall so inform Montgomery.

DATED this 12th day of July, 2016.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE