FILED

03/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 19-0358

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 19-0358

CHESTER R. BAUER,

Petitioner,

v.

LYNN GUYER, Warden,
Montana State Prison,

Respondent.

FILED

MAR 17 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

In a July 2, 2019 Order, this Court denied in part Chester R. Bauer's claims attacking his conviction in his Petition for a Writ of Habeas Corpus, providing the reasons and discussion therein. However, we kept the Petition pending to allow the State to file a response addressing whether Bauer has a facially invalid sentence under law, including *State v. Gunderson*, 2010 MT 166, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*). We have received the Attorney General's response.

We briefly summarize Bauer's history. In January 2001, the Anaconda-Deer Lodge County District Court sentenced Bauer to life in prison following his conviction by a jury of incest. The court also imposed "an additional twenty (20) years in accord with the Persistent Felony Offender notice[] filed in this case, and pursuant to § 46-18-501 and 502." These two sentences were to run consecutively. Bauer appealed his conviction but did not challenge his sentences, and we affirmed. *State v. Bauer*, 2002 MT 7, 308 Mont. 99, 39 P.3d 689.

In its response, the State concedes that Bauer's case should be remanded to the District Court for resentencing under either § 45-5-507, MCA (1999) or § 46-18-502, MCA (1999),[1] because, as imposed, his persistent felony offender (PFO) sentence is facially invalid. The State points out that, in *Gunderson II*, this Court clarified the law concerning the imposition of sentences for a PFO and determined that the PFO sentence replaces the

---

[1] We point out that § 46-18-502(4), MCA, would not apply in light of *Gunderson II*.

sentence for the underlying felony. *Gunderson II*, ¶¶ 49-54. The State points to an earlier Order where this Court confronted this issue squarely in a habeas corpus proceeding. *Larsen v. State*, No. OP 11-0246, 362 Mont. 543, 272 P.3d 124 (Aug. 9, 2011). Accordingly, we have determined that as a facially invalid sentence, Bauer's sentence "presents the rare and exceptional situation where the procedural bar of res judicata should not apply because justice demands that we not permit a facially illegal sentence to stand." *State v. Southwick*, 2007 MT 257, ¶ 19, 339 Mont. 281, 169 P.3d 698.

In *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087, we concluded that "when a portion of a sentence is illegal, the better practice is to remand to the District Court to correct" the sentence unless it cannot be corrected. We conclude resentencing is the proper remedy. Therefore,

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is GRANTED IN PART. This matter is remanded to the Third Judicial District Court, Anaconda-Deer Lodge County, for resentencing in accordance with *Gunderson II*.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable Ray J. Dayton, Third Judicial District Court; to Susie Krueger, Clerk of Court, Anaconda-Deer Lodge County, along with a copy of this Court's July 2, 2019 Order, to be filed under Cause No. DC-00-25; to counsel of record; and to Chester R. Bauer personally.

DATED this 17 day of March, 2020.

Chief Justice

_____
Justices