FILED

05/03/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0227

FILED

MAY 0 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JUAN ANASTASIO RODRIGUEZ,

Petitioner,

v.

ORDER

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

In a petition for a writ of habeas corpus, Juan Anastasio Rodriguez requests that his original sentence and all subsequent sentences be vacated. He states that he "brings this matter before the Court for the second time, in order to completely exhaust this argument in the highest court of the State of Montana[.]"

Rodriguez argues that his original six-year deferred imposition of sentence is illegal because it should have been a three-year deferred sentence. He puts forth that his counsel was ineffective. Rodriguez contends that the Cascade County District Court lacked statutory authority to impose restitution. He posits that the District Court "deprived Rodriguez of his Double Jeopardy and Liberty Interest rights when it denied him a meaningful[] opportunity to be heard, his right to a fundamentally fair process, his right to not be placed at a disadvantage, when it revoked Rodriguez's sentence and resentenced him[.]"

Rodriguez is currently serving concurrent terms of ten years with five years suspended for felony burglary and felony tampering with a witness after the District Court revoked the original deferred imposition of a six-year sentence.[1]

---

[1] In 2016, through counsel, Rodriguez appealed his sentence upon revocation. *State v. Rodriguez*, No. DA 16-0353, 2018 MT 241N, 2018 Mont. LEXIS 326 (Sept. 25, 2018) (*Rodriguez I*). Rodriguez has another consecutive prison sentence for which he appealed in 2018. *See State v. Rodriguez*, 2021 MT 65, 403 Mont. 360, 483 P.3d 1080.

As Rodriguez references, this Court recently addressed these same arguments last year. *See Rodriguez v. Salmonsen*, No. OP 22-0692, Order (Mont. Dec. 20, 2022) (*Rodriguez II*). We determined that Rodriguez's arguments lack merit. Furthermore, Rodriguez is precluded under Montana law from challenging his sentence upon revocation through a petition for habeas corpus relief. Section 46-22-101(2), MCA.

Rodriguez never had a three-year deferred imposition of sentence. Last year, we stated: "Rodriguez provides no evidence that the court originally imposed a deferred sentence of three years. Upon review of the transcript, the October 19, 2010 sentencing hearing reflects a deferred imposition of six years, to give Rodriguez the opportunity to be employed, to be with his children, and to pay his restitution." *Rodriguez II*, at 2. We add that his attached transcript reveals that he requested a three-year sentence at his sentencing hearing. Rodriguez cannot collaterally attack his convictions or his sentence upon revocation by positing that the District Court erred during his criminal proceedings. Sections 46-22-101(1), and 46-22-101(2), MCA.

> We have explained why Rodriguez was procedurally and time barred.
>
> Rodriguez has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. In 2015, contrary to Rodriguez's claim, the court revoked his deferred imposition of sentence due to many violations, not for failure to pay restitution, as he alleges. "The violations included solicitation, aggravated promotion of prostitution, and sexual intercourse without consent—among others." *Rodriguez [I]*, ¶ 5. . . .
>
> Rodriguez brings his claims too late to this Court and through the wrong remedy of habeas corpus. Any challenge to the court's imposition of restitution should have been raised in a direct appeal. Any claim about ineffective assistance of trial counsel should have been raised in a timely petition for postconviction relief in the sentencing court.

*Rodriguez II*, at 2.

Rodriguez has exhausted these remedies with this Court. The doctrine of *res judicata* is typically inapplicable in habeas corpus proceedings. *Montgomery v. State*, 2016 MT 169, ¶ 11, 384 Mont. 120, 375 P.3d 403. We point to the exception, applicable here.

We have stated that "*[r]es judicata* cannot be applied in such a manner as to deprive [a petitioner] of the right to file a post-conviction procedure. However, *res judicata* can be used to bar the rehearing of issues already litigated under the rule in *Sanders*." *Coleman [v. State]*, 194 Mont. [428,] 438, 633 P.2d [624,] 630 (citing *Sanders [v. United States]*, 373 U.S. [1,] 15, 83 S. Ct. [1068,] 1077). *See Dawson v. State*, 2000 MT 219, ¶ 162, 301 Mont. 135, 10 P.3d 49 ("The doctrine of *res judicata* may also pose a procedural bar to postconviction relief."). [(Emphasis added.)]

*Montgomery*, ¶ 11. We conclude that the doctrine of *res judicata* applies because Rodriguez continues to raise arguments already litigated.

We caution Rodriguez to refrain from filing another petition for habeas corpus relief with this Court. Therefore,

IT IS ORDERED that Rodriguez's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Juan Anastasio Rodriguez personally.

DATED this 2nd day of May, 2023.

_____
Chief Justice

_____

_____

_____
Justices

3