FILED

08/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0660

DA 22-0660

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 166

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JOSHUA DUANE WOLFBLACK,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-03-313(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Pete Wood, Attorney at Law, Boise, Idaho

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

      Travis Ahner, Flathead County Attorney, Ashley Frechette, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  June 19, 2024
Decided:  August 6, 2024

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Joshua Duane Wolfblack appeals a September 29, 2022 Order of Revocation and Disposition entered in the Eleventh Judicial District Court, Flathead County. Wolfblack argues the court did not have statutory authority to impose a consecutive sentence upon revocation. We agree. We reverse and vacate the District Court's judgment.

¶2      We restate the issue as:

*Whether Wolfblack's sentence imposed upon revocation is within statutory parameters as set forth by § 46-18-203, MCA?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      In 2003, the State charged Wolfblack with two felonies—burglary and theft—in Flathead County. Wolfblack entered a guilty plea to felony theft, and the State dismissed the burglary offense pursuant to a plea agreement. He was sentenced on December 4, 2003, to the Department of Corrections (DOC) for a ten-year term, with five years suspended (2003 Theft Sentence). Wolfblack did not appeal. Wolfblack discharged the custodial portion of his sentence on July 18, 2008, and he was released to community supervision.

¶4      On May 14, 2010, the State charged Wolfblack with felony sexual intercourse without consent in Lewis and Clark County. Wolfblack pled guilty and was sentenced on October 13, 2010, to a ten-year DOC sentence, with five years suspended. (2010 SIWOC Sentence).

¶5      On June 29, 2010, the Flathead County Attorney's Office filed a revocation petition for Wolfblack's 2003 Theft Sentence. Wolfblack admitted to the allegations on November 10, 2010, and the District Court imposed a five-year, suspended sentence to the

2

DOC (2010 Theft Revocation Sentence). The District Court ordered the 2010 Theft Revocation Sentence to run consecutively to the 2010 SIWOC Sentence.

¶6 On June 26, 2021, Wolfblack's SIWOC Sentence expired and, according to the State, Wolfblack began serving his 2010 Theft Revocation Sentence. On March 3, 2022, the Flathead County Attorney's Office filed a petition to revoke Wolfblack's 2010 Theft Revocation Sentence. Wolfblack denied the probationary violations and subsequently filed a motion to dismiss, contending the petition was untimely. The District Court orally denied Wolfblack's motion to dismiss, reasoning that pursuant to § 46-18-401(4), MCA, there was a statutory presumption that Wolfblack's 2010 Theft Revocation Sentence ran consecutively to his 2010 SIWOC Sentence. The court revoked Wolfblack's 2010 Theft Revocation Sentence and imposed a five-year term to the DOC. Wolfblack appeals.

## STANDARD OF REVIEW

¶7 This Court reviews a criminal sentence for legality to determine whether the sentence is within statutory parameters. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15. A determination of legality is a question of law, which is reviewed de novo. *Seals*, ¶ 7.

## DISCUSSION

¶8 Wolfblack argues on appeal that under § 46-18-203(7)(a)(iii), MCA, the statute specifying sentences that can be imposed upon revocation, the District Court had no authority to impose a sentence that was greater than the sentence he originally received. Wolfblack argues that imposing a consecutive sentence upon revocation increased the term of his sentence. The State argues that under § 46-18-401, MCA, Wolfblack's 2003 Theft

3

Sentence and 2010 SIWOC Sentence are presumed to run consecutively and, therefore, the judgment imposed in the 2010 Theft Revocation Sentence "did not impact the manner in which the sentences were running."

¶9 While it is undisputed that a judge, under certain circumstances, has the discretion to order sentences to run either concurrently or consecutively pursuant to § 46-18-401, MCA, we have clearly held that § 46-18-401, MCA, is not applicable when a sentence is revoked because the revocation of a suspended or deferred sentence is expressly governed by § 46-18-203, MCA.

¶10 In *Seals*, Seals received five sentences on five counts related to drug possession. When the suspended portion of Seal's sentence was revoked, the court, expressing that it wanted to make sure Seals spent a total of fifteen years incarcerated, ran one of the revoked sentences for a count consecutive to another sentence for a different count, despite the sentences for all counts having originally been imposed concurrently. Seals argued that the court had no authority under § 46-18-203, MCA, to impose a sentence that was greater than the original sentence. The State argued that the court had discretion whether to run the sentences consecutively or concurrently pursuant to § 46-18-401, MCA. We held that "sentencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by § 46-18-203, MCA, and not § 46-18-401, MCA, which is a general provision governing sentencing." *Seals*, ¶ 15. Relying upon § 1-2-102, MCA, we explained that as it was a statute designated for sentences that could be imposed upon revocation, § 46-18-203, MCA, was a particular sentencing statute that was "paramount" to the general statutory provision of § 46-18-401, MCA. *Seals*, ¶ 15. While § 46-18-401,

4

MCA, "governs the designation of a sentence as consecutive or concurrent," *State v. Adams*, 2013 MT 189, ¶ 19, 371 Mont. 28, 305 P.3d 808, this "general authority to designate a sentence to run concurrently" or consecutively "is not within 'the particulars' of the revocation statutes and is not an issue that can be addressed during [a] revocation proceeding." *Adams*, ¶ 19; *Seals*, ¶ 15. We explained:

> Given our statutory scheme, it is apparent that a sentencing court's authority to re-sentence a criminal defendant based upon an illegal sentence depends upon *when* the illegal sentence is discovered and challenged. If the illegal sentence is challenged while the defendant is serving the sentence, the court has the authority to correct the sentence by imposing a sentence that was statutorily authorized . . . at the time the defendant committed his or her offense and giving credit for time served. If, however, the illegal sentence is challenged during a revocation proceeding held while the defendant is serving the suspended portion of the illegal sentence, the court, upon sentencing in the revocation proceeding, is constrained by the particulars of § 46-18-203(7), MCA.

*Seals*, ¶ 15 (emphasis in original) (internal citation omitted) (footnote omitted).

¶11 We have continued to follow our clear precedent established in *Seals* and *Adams* in several orders. In *Boggs v. McTighe*, No. OP 19-0313, 2019 Mont. LEXIS 278, *2-*3 (Jul. 23, 2019), we held that although Boggs's 2006 sentence was in existence during the pendency of a filed petition to revoke, this Court explained that "we concluded incorrectly that Boggs's sentences had to run consecutively[,] [because] we have previously determined that § 46-18-401, MCA, applies to original sentences and not to sentences upon revocations." In *State v. White*, No. DA 15-0475, 2016 Mont. LEXIS 542, Order, at 1 (Aug. 2, 2016), we held the district court "did not have statutory authority to order White's five-year suspended [DOC] sentence to run consecutively to this 3-year DOC sentence . . . ." And in *Osborn v. Kirkegard*, No. OP 16-0365, 2016 Mont. LEXIS 1116,

5

Order (Sept. 20, 2016), Osborn contended the court made his sentence upon revocation consecutive when the original sentence ran concurrently. The State, citing § 46-18-203(7)(a)(iii), MCA, and *Seals* and *Adams*, "agree[d] that the District Court was without authority to run the Revoked 2007 sentence consecutively." *Osborn*, at *4.

¶12 Accordingly, our precedent and the clear language of the statute establishes that § 46-18-203, MCA, governs the sentence that may be imposed upon revocation. The provision applicable here is § 46-18-203(7)(a)(iii), MCA, which provides:

> If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence . . . the judge may . . . revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence *that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence . . . .*"

(Emphasis added.) Section 46-18-203(7)(a)(iii), MCA, statutorily limits the sentence that may be imposed upon revocation to the parameters of the initial sentence.[1] During revocation proceedings, "the court's authority encompasses the power to reimpose the original sentence . . . totaling no greater than the length of the original sentence." *State v. Frazier*, 2001 MT 210, ¶ 15, 306 Mont. 358, 34 P.3d 96 (citations omitted).

¶13 Here, Wolfblack's initial sentence in 2003 was for ten years, with five years suspended. When the District Court reimposed a consecutive suspended sentence on November 10, 2010—which would not begin until June of 2021 when the ten-year custodial sentence for SIWOC had expired—the court imposed a "longer . . . commitment term than the original sentence," in violation of § 46-18-203(7)(a)(iii), MCA. As the

---

[1] The 2009 version of § 46-18-203(7)(a)(iii), MCA, is the same as the 2021 version.

6

District Court explained in its 2010 Revocation Order, the "net effect" of running Wolfblack's 2010 Theft Revocation Sentence to his 2010 SIWOC Sentence was a commitment of "fifteen (15) years with ten (10) years suspended," which is a lot longer term of supervision than the initial ten years, with five years suspended that was Wolfblack's original sentence. In 2003 when Wolfblack received his initial sentence, the 2010 SIWOC Sentence did not exist. "[O]nly a district court which imposes a sentence *subsequent* to one already imposed has the authority to determine whether the sentences will be concurrent or consecutive to each other." *State v. McGuire*, 260 Mont. 386, 387, 860 P.2d 148, 149 (1993) (emphasis in original). The initial theft sentence imposed in 2003 could not be made to run consecutively to a sentence not in existence. *McGuire*, 260 Mont. at 387, 860 P.2d at 149. Changing the terms of the initial sentence by making it consecutive to a sentence not in existence in 2003 constituted an illegal sentencing provision under § 46-18-203(7)(a)(iii), MCA.

¶14 The State argues that because Wolfblack was serving the suspended portion of his 2003 Theft Sentence when he was sentenced in 2010 for SIWOC, the two sentences automatically began running consecutively pursuant to § 48-18-401, MCA. However, when the District Court revoked the suspended portion of Wolfblack's initial sentence, the 2003 Theft Sentence was no longer in existence and was replaced by his new 2010 Theft Revocation Sentence. Because the sentence that could be imposed was controlled by § 46-18-203(7)(a)(iii), MCA, and not § 46-18-401, MCA, it could not be a longer term of commitment than the initial sentence. Changing the sentence to make it consecutive increased the original sentence. Further, the 2010 SIWOC Sentence could not be run

7

consecutively with the "new" 2010 Theft Revocation Sentence because the revocation proceeding occurred after the imposition of the sentence imposed for SIWOC. *McGuire*, 260 Mont. at 387, 820 P.2d at 149. Importantly, if the State (and dissent) want to avoid the provisions of § 46-18-203(7)(a)(iii), MCA, then all that is required is for the State to proceed first on the revocation and then allow the new sentence to be imposed consecutively pursuant to § 46-18-401, MCA. In this manner, §§ 46-18-203(7)(a)(iii), MCA, and 46-18-401 MCA, and our precedent are followed, and it does not produce the absurd result of a ten-year sentence imposed in 2003 still being served in 2024.

¶15 The dissent argues that § 46-18-401(1)(b), MCA, controls the sentence that may be imposed here upon revocation. However, § 46-18-401(1)(b), MCA, addresses sentences that may be imposed in the first instance, as we have held and which is consistent with the existence of § 46-18-203, MCA. Subsection (1)(b) requires that the *new* sentence may not be merged with an existing suspended sentence or probation, *i.e.*, that it must be run consecutively to an existing suspended or probationary sentence. Subsection (1)(b) does not provide any statutory authority for a court upon revocation to sentence; that authority comes from § 46-18-203, MCA. All subsection (1)(b) prescribes is that a sentencing court, when imposing a sentence in the first instance, may not merge the sentence into an existing suspended or probationary term. The dissent offers it results in an "absurdity" that a defendant who "violates his consecutive sentences would receive the benefit of having his sentences changed to concurrent sentences upon entry of his revocation sentence, as a matter of law." Dissent, ¶ 23. However, we disagree that Wolfblack's new sentence, which importantly is not the issue before the Court, could be imposed consecutively to a sentence

8

that did not exist.  Furthermore, Wolfblack has no control over the State's discretion *and timing* on what and how to charge for both new cases and revocations.  As a matter of law, however, Wolfblack has a right to have statutes specifying the parameters of a court's sentencing authority followed by the trial court and this Court.

¶16    A sentencing provision is illegal when the "sentence or sentencing provision [is] not authorized by statute, or that otherwise exceeds the statutorily authorized range or limit for that type of sentence or condition[.]"  *State v. Thibeault*, 2021 MT 162, ¶ 10, 404 Mont. 476, 490 P.3d 105.  An illegal sentencing provision does not render the sentence "void ab initio . . . but is good insofar as the power of the court extends and is invalid only as to the excess."  *DeShields v. State*, 2006 MT 58, ¶ 11, 331 Mont. 329, 132 P.3d 540; *see also State v. Southwick*, 2007 MT 257, ¶ 26, 339 Mont. 281, 169 P.3d 698.  Here, the illegal sentencing provision was that Wolfblack's 2010 Theft Revocation Sentence was run consecutively.  Accordingly, we modify the judgment and sentence by striking the provision ordering that it run consecutively to the 2010 SIWOC Sentence.  Wolfblack, thus, began serving his 2010 Theft Revocation Sentence the day it was imposed, November 10, 2010, and his 2010 Revocation Sentence expired in 2015.  The State's revocation petition filed on March 3, 2022, was, therefore, untimely.

## CONCLUSION

¶17    Wolfblack has served his 2003 Theft Sentence.  The District Court's order denying Wolfblack's motion to dismiss is reversed; the sentence and judgment entered by the District Court on September 29, 2022, is vacated; and these proceedings are dismissed.

9

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

Justice Jim Rice, dissenting.

¶18    I believe the Court misapplies the sentencing statutes.

¶19    Wolfblack was sentenced for felony theft in Flathead County in 2003, receiving a 10-year commitment to the Department of Corrections (DOC), with five years suspended. In July 2008, Wolfblack began serving the five-year suspended portion of his sentence.

¶20    In October 2010, Wolfblack was sentenced for sexual intercourse without consent in Lewis and Clark County, receiving another 10-year commitment to the DOC, with five years suspended. This judgment did not address whether the sentence was to run consecutively or concurrently with the 2003 Flathead County sentence, and thus, these sentences ran consecutively by operation of law. Section 46-18-401, MCA, provides:

> **Consecutive sentences.** (1) Unless a judge otherwise orders:
>
> .   .   .
>
> (b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, *the period still to be served on suspended sentence or probation may not be merged in any new sentence of commitment or probation.* [(Emphasis added.)]

Because the sentencing court did not order otherwise, the 2003 and the 2010 sentences ran consecutively as a matter of law.

10

¶21 In November 2010, the 2003 Flathead County sentence was revoked, and Wolfblack was sentenced to a five-year commitment to the DOC, with all the time suspended. This revocation sentence stated that it would "run consecutive to" the Lewis and Clark County sentence. The Court reasons that a revocation court is not authorized under § 46-18-203, MCA, to newly order sentences to run consecutively. Opinion, ¶ 9. While this is correct, the Court's deduction that the revocation court "chang[ed] the sentence to make it consecutive" and thereby "increased the original sentence" is incorrect. The revocation court did not "change the sentence to make it consecutive" because the sentences for these offenses were already required to run consecutively as a matter of law. The revocation court's reference to the consecutive sentences was thus harmless, because it merely reflected the law governing the sentences under § 46-18-401(1)(b), MCA. Nor was the revocation an illegal increased sentence. Opinion, ¶ 12. The five-year suspended revocation sentence did not increase the term imposed under the original sentence and could have been imposed originally.

¶22 The Court reasons that because the 2010 revocation sentence replaced the 2003 theft sentence, the 2003 theft sentence "was no longer in existence." While the old sentence was replaced, the judgment of conviction and the consecutive nature of any sentence remained in effect. Just as a revocation court is not authorized to impose a new consecutive sentence, it is likewise not authorized to change the consecutive nature of a sentence that was made to run consecutively as a matter of law. That authority lies only with the original sentencing court. A revocation sentence retains that character because the revocation court is not empowered to change it.

11

¶23 The Court's ruling requires consecutive sentences to be switched to concurrent sentences upon revocation, in contradiction to § 46-18-401(1)(b), MCA ("the period still to be served on suspended sentence or probation may not be merged *in any new sentence of commitment or probation*") (emphasis added).[1] It also results in an absurdity: a defendant who violates his consecutive sentences would receive the benefit of having his sentences changed to concurrent sentences upon entry of his revocation sentence, as a matter of law. The Court cites no authority, and there is none, that would permit consecutive sentences to be changed to concurrent sentences upon revocation of a sentence following a defendant's violation—regardless of the Court's attempt to tie this result to the timing of the revocation sentence. Opinion, ¶ 14. This decision will no doubt create confusion and disarray regarding revocation sentences.

¶24 I would affirm.

/S/ JIM RICE

Justice Beth Baker joins in the dissenting Opinion of Justice Rice.

/S/ BETH BAKER

---

1 The citation to the statute here is for the purpose of emphasizing the Legislature's stated intent that sentences are to run consecutively unless the original sentencing court orders otherwise.